**Bryan Cave Leighton Paisner LLP**
AirWairCounsel.AWSM@bclplaw.com

Jennifer L. Campbell, 112511
Allison Krashan, 162709
701 Fifth Avenue, Ste 42.
Seattle, WA 98104
(206) 600-6650

K. Lee Marshall, *pro hac pending*
Alexandra C. Whitworth, *pro hac pending*
Sebastian E. Kaplan, *pro hac pending*
Courtney Thompson, *pro hac pending*
Three Embarcadero Center, 7th Fl.
San Francisco, CA 94111-4003
(415) 675-3400

*Attorney for Plaintiff*
*AirWair International Ltd. &*
*Dr. Martens AirWair USA, LLC*

<div style="writing-mode: vertical">Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650</div>

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., DR. MARTENS AIRWAIR USA, LLC., | Case No. |
| Plaintiffs, | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| v. | (15 U.S.C. § 1121; 28 U.S.C. § 1338(a); 28 U.S.C. § 1338(b)) |
| STEVEN MADDEN LTD.; CP INTERNATIONAL CORP.; and DOES 1–50 | **Demand for Jury Trial** |
| Defendants. | |

Complaint for Trademark Infringement          1

1.      Plaintiff AirWair International Ltd. owns the trade dress for Dr. Martens footwear. Defendants Steve Madden and CPI manufacture/sell footwear that is confusingly similar to Dr. Martens footwear. AirWair requests an injunction and a jury trial on damages.

### The Parties

2.      Plaintiffs **AirWair International Ltd.** and **Dr. Martens AirWair USA, LLC** are subsidiaries of Dr. Martens AirWair Group Ltd. and are engaged in the design, manufacture, marketing, and sale of Dr. Martens® footwear (Airwair International Ltd., Dr. Martens AirWair USA Ltd., and Dr. Martens AirWair Group Ltd. are referred to collectively hereafter as "**AirWair**").

3.      AirWair International Ltd. is a company of the United Kingdom, located and doing business at:

Cobbs Lane, Wollaston, Northamptonshire, United Kingdom, NN29 7SW.

4.      Dr. Martens AirWair USA LLC is a Delaware Limited Liability Company, with its principal place of business at:

2 NW 10th Avenue, Portland, OR, 97209-3106.

5.      Defendant Steven Madden, Ltd. ("**Steve Madden**") is, on information and belief, a Delaware Limited Liability Company, with its principal place of business at:

52-16 Barnett Avenue, Long Island City, NY 11104.

6.      On information and belief, Defendant CP International Corp. ("**CPI**") is incorporated in New Jersey, with its principal place of business at:

165 N. Dean Street, Englewood, NJ 07631.

7.      Steve Madden's footwear products are the subject matter of this action. On information and belief, Steve Madden markets, distributes, and sells clothing and footwear products globally, including in the United States, and within this District through the website https://www.stevemadden.com. It also sells footwear products at its

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Complaint for Trademark Infringement          2

brick and mortar stores in Oregon. It likewise sells footwear products to third-party retailers, for distribution globally and throughout the United States.

8.      On information and belief, CPI markets, distributes, and sells footwear through wholesale agreements with various third-party retailers, including Steve Madden, for distribution globally and throughout the United States, including this District.

**9.**      Does 1–50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants"). AirWair will seek leave of court to substitute their true names when they become known.

<div style="text-align:center">

**Jurisdiction & Venue**

</div>

10.      Subject-matter jurisdiction arises under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) because AirWair alleges claims under trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

11.      Pendant jurisdiction arises under 28 U.S.C. § 1338(b) because AirWair alleges claims joined with a substantial and related claim under the trademark laws of the United States.

12.      Venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief, Steve Madden and CPI conduct business within this District and have engaged in, and continue to engage in, acts of advertising, offering for sale, and selling retail goods and products to consumers in this District.

<div style="text-align:center">

**Factual Allegations**

</div>

13.      AirWair is headquartered in England and, through its predecessor companies, has manufactured footwear for close to a century. AirWair, through its predecessor companies, has made and sold Dr. Martens® footwear since 1960. Dr. Martens® footwear is famous worldwide and has been sold not only in England, but also throughout Europe and the United States. It has also been sold in Japan, China, Korea,

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Malaysia, Hong Kong, Thailand, Vietnam, and other Asian countries; in Canada, Mexico, and Central and South America; in Australia and New Zealand; and in the Middle East.

14.    Since as early as 1984, AirWair has marketed and sold Dr. Martens® footwear using distinctive trade dress in the United States.

15.    Dr. Martens® footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive trade dress of its iconic footwear has been used by the company since 1960 and is world famous. Over a period of nearly 40 years, hundreds of millions of pairs of shoes, boots, and sandals with the distinctive trade dress have been sold in the United States.

### The AirWair Classic Trade Dress

16.    The AirWair® "Classic Trade Dress" represents the "DNA" of the Dr. Martens® brand. As such, consumers recognize elements of the trade dress on many different Dr. Martens® styles as a way to identify genuine Dr. Martens® brand footwear. The AirWair® Classic Trade Dress has consisted of the overall configuration and impression of AirWair's iconic footwear, including but not limited to the combination of the following features: (1) yellow welt stitching; (2) a grooved sole edge; (3) an angled heel; (4) a two-tone sole edge; (5) the DMS sole pattern; (6) the "DMS" side view cleat pattern[1]; and (7) a yellow and black heel loop (collectively the "**AirWair Classic Trade Dress**").

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

---

[1] A side view cleat pattern refers to the profile design comprising an arrangement of notches along the bottom of the sole edge.

17.    The iconic Dr. Martens® 1460® boot is shown below, which contains all elements of the AirWair Classic Trade Dress:



In addition to selling the same styles it has sold since the 1960s, AirWair also creates new Dr. Martens® designs, with each new style incorporating essential trade dress features of the original Dr. Martens® 1460 boot and AirWair Classic Trade Dress to identify the product as genuine Dr. Martens® brand footwear.

**The Jadon Trade Dress**

18.    In 2013, AirWair began marketing a new style called the Jadon® boot, which uses iconic trade dress elements that consumers recognize and associate with the Dr. Martens® brand. The Jadon® boot is hugely popular and has become a famous icon of the brand.

19.    The trade dress used in the Jadon® boot at common law consists of the overall configuration and impression of the Jadon® footwear, including the combination of the following features: (1) contrast welt stitching; (2) a grooved sole edge; (3) an

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Complaint for Trademark Infringement          5

angled heel; (4) a distinctive, double-layered platform sole; (5) the AirWair® "Quad" side view cleat pattern; and (6) a yellow and black heel loop (collectively the "**Jadon Trade Dress**").

20.    The iconic Dr. Martens® Jadon® boot is shown below:



**The Zebrilus Trade Dress**

21.    Likewise, in 2018, AirWair began marketing a new collection of shoes constructed on a sole unit called the Zebrilus™, which uses iconic trade dress elements that consumers recognize and associate with the Dr. Martens® brand, such as a grooved side sole. Zebrilus sandals are hugely popular and have become a brand icon.

22.    The trade dress used in the Zebrilus sandal collection at common law consists of the overall configuration and impression of the Zebrilus sole unit, including the combination of the following features: (1) a yellow welt stitch; (2) a grooved sole edge; (3) a distinctive two-tiered welt area with rounded edges; (4) a grooved footbed

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

edge[2]; and (5) the AirWair® "Zebrilus" side view cleat pattern (collectively the **"Zebrilus Trade Dress"**).

23.    Numerous styles have been launched in the Zebrilus collection and feature the Zebrilus Trade Dress, including the BlaireTM, VossTM, MylesTM, TerryTM, YelenaTM, RykerTM, AbelTM, NartillaTM, AdairaTM, FrancisTM, OlsonTM, KimberTM, AvryTM, GiavannaTM, and FynnTM.

24.    This iconic Dr. Martens® Blaire sandal features the Zebrilus Trade Dress:



**AirWair's Relevant Trademark Registrations**

25.    AirWair holds registrations for its trade dress features and trademarks throughout the world, including registrations in the United States Patent and Trademark Office shown in Plaintiff's Exhibits ("PX") 1–4 (**"AirWair Trademark Registrations"**).

26.    AirWair International Ltd. owns Registration No. 2,437,751, which issued March 27, 2001.

27.    AirWair International Ltd. owns Registration No. 5,067,692, which issued October 27, 2016.

---

[2] A footbed refers to the insole/cushioning that makes contact with the wearer's foot. In the Zebrilus collection, the footbed's outer edge is visible in areas not covered by the sandal's upper; AirWair has applied its iconic grooving to that portion of the sole unit.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

28.     AirWair International Ltd. owns Registration No. 7,039,347, which issued May 2, 2023.

29.     AirWair International Ltd. owns Registration No. 7,039,348, which issued May 2, 2023.

30.     AirWair International Ltd. owns Application No. 97,636,209, which was published for opposition on July 18, 2023 and is expected to register shortly.

| Trademark | Design Element | Goods |
|---|---|---|
| **Footwear Design** Incontestable* 2,437,751 03/27/2001<br><br>Attached as PX1 |  | Class 25: Footwear<br><br>Notes: The mark consists of the combination of yellow stitching in the welt area and a two-tone grooved sole edge. The drawing of the welt stitch is lined for the color yellow, and claim is made to color. |
| **Footwear Design** Incontestable* 5,067,692 10/25/2016<br><br>Attached as PX2 |  | Class 25: Footwear<br><br>Notes: The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. |

An "*" denotes that a declaration of incontestability has been filed under Section 15 of the Lanham Act and the mark has become incontestable.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

| Trademark | Design Element | Goods |
|---|---|---|
| **Footwear Design** 7,039,347 5/2/2023<br><br>Attached as PX3 |  | Class 25: Footwear<br><br>The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a two-tone grooved sole edge. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |
| **Footwear Design** 7,039,348 5/2/2023<br><br>Attached as PX4 |  | Class 25: Footwear<br><br>The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a grooved sole edge on a thick sole. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |
| **Footwear Design** Application No. 97,636,209 |  | Class 25: Footwear<br><br>The mark consists of a three-dimensional configuration of footwear consisting of a grooved sole edge in black, a two-tiered welt area with rounded edges intersected by yellow stitching, and a grooved footbed edge in black. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

31.     The registration of these marks constitutes *prima facie* evidence of their validity, and of AirWair's exclusive right to use the trade dress and marks described therein in connection with the goods identified therein and other commercial goods.

32.     AirWair has filed declarations of continued use and incontestability under Sections 8 and 15 of the Lanham Act for the Trade Dress Registrations and Trademark Registrations referenced in PX1–2, and those marks have thus become incontestable.

33.     The incontestability of the registrations shown in PX1–2 constitutes *conclusive* evidence of their validity, and of AirWair's exclusive right to use the trade dress and marks described therein, subject to limited defenses and exceptions.

34.     The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations are unique and distinctive when applied to the high-quality Dr. Martens® brand footwear and related merchandise, and identify the merchandise as high-quality goods from AirWair.

35.     The Jadon Trade Dress and AirWair Trademark Registrations qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and such marks have been continuously used and never abandoned. Indeed, in 2021, a federal jury found the Jadon Trade Dress and the trade dress depicted in Registrations 2,437,751, 5,067,689, and 5,067,692, to be valid and famous. *See* ECF 183 (Verdict at 2–6), *AirWair Int'l Ltd. v. ITX USA, LLC*, No. 3:19-cv-07641-SI (N.D. Cal. Aug. 9, 2021).

36.     The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations are distinctive or have acquired distinctiveness, and are non-functional.

37.     Defendants are knowledgeable about the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations.

**Steve Madden's Infringement**

38.     Steve Madden has had actual notice of AirWair's intellectual property rights since at least 2017 when AirWair filed a complaint against Steve Madden for

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Complaint for Trademark Infringement          10

federal trademark and trade dress infringement, federal false designation of origin, federal trademark dilution, California statutory unfair competition, common law unfair competition, and California statutory trademark dilution. AirWair alleged that Steve Madden footwear infringed AirWair's trade dress rights. This case was captioned *Airwair International Ltd. v. Steve Madden. Ltd.,* Case No. 3:17-CV-01024-SI in the Northern District of California.

39.    To resolve that dispute, AirWair and Steve Madden entered into a settlement and release agreement (the "**2018 Agreement**").

40.    Despite being on notice of AirWair's rights, Steve Madden continues to launch, sell, and offer for sale new footwear styles that infringe upon, counterfeit, and/or dilute AirWair's rights.

41.    Steve Madden has marketed, distributed, and sold shoes and boots that are direct and obvious copies of the distinctive Dr. Martens footwear and that infringe upon, counterfeit and/or dilute the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in violation of AirWair's rights. The similarities are obvious and clearly intentional as shown in the seven following examples:

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

| **Dr. Martens** | **Steve Madden** |
| --- | --- |

 

| Genuine Dr. Martens "Jadon® Smooth Leather Platform Boots" | Steve Madden Infringing Footwear "Bettyy White/Black" |
| --- | --- |

**Dr. Martens**　　　　　　　　　　　**Steve Madden**

 

Genuine Dr. Martens　　　　　　　　Steve Madden Infringing Footwear
"Jadon Smooth Leather Platform Boots"　　　　"Bettyy Black"

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

 

Genuine Dr. Martens　　　　　　　　Steve Madden Infringing Footwear
"Jadon Smooth Leather Platform Boots"　　　　"Bettyy Burgundy"

 

Genuine Dr. Martens　　　　　　　　Steve Madden Infringing Footwear
"1461 Quad Patent Womens Platform Shoes"　　　　"Brenton"

Complaint for Trademark Infringement　　　12

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

**Dr. Martens**                    **Steve Madden**

    

Genuine Dr. Martens                    Steve Madden Infringing Footwear
"Myles Brando Leather Buckle Slide"    "Women's Dizzy Platform Slide"

    

Genuine Dr. Martens                    Steve Madden Infringing Footwear
"Olson Zipped Leather Strap Sandals"   "Madden Girl Women's Dorite Platform Sandal"

    

Genuine Dr. Martens                    Steve Madden Infringing Footwear
"Leona Women's Vintage Smooth Leather" "Madden Girl Hawke Combat Boot"

42.    The infringing styles marketed and sold by Steve Madden include, but are not limited to, the styles listed below, each of which is pictured in PX5 attached hereto (the "**Infringing Footwear**").

- Brenton Black Patent
- Bettyy Black
- Bettyy Burgundy
- Bettyy White/Black
- Dizzy Platform Slide Sandal
- Madden Girl Women's Dorite Platform Sandal
- Madden Girl Hawke Combat Boot

43.    As alleged above, Steve Madden is fully aware of the Dr. Martens® brand and its famous trade dress and trademarks.

44.    Despite being on notice of AirWair's intellectual property and AirWair's previous assertions of infringement, Steve Madden has deliberately continued to sell numerous styles that are confusingly similar to the Jadon Trade Dress, Zebrilus Trade Dress, and AirWair Trademark Registrations.

45.    Upon information and belief, Steve Madden intentionally copied the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in order to capitalize on the reputation and fame of the Dr. Martens® brand. This is an "exceptional" and "willful" case of counterfeiting within the meaning of 15 U.S.C. §§ 1117(a), (b), and (c), because Steve Madden knowingly and intentionally infringed and intentionally sold copy footwear with the intent to confuse consumers. AirWair is therefore entitled to treble damages and attorneys' fees.

46.    The use of the Jadon Trade Dress, Zebrilus Trade Dress, and AirWair Trademark Registrations on the infringing footwear sold by Steve Madden suggests a sponsorship and affiliation with AirWair that does not exist.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6050

47.     Steve Madden has no right to use the Jadon Trade Dress, Zebrilus Trade Dress or AirWair Trademark Registrations. Steve Madden's sale, advertisement, distribution, and promotion of the infringing footwear in the United States is without authorization or consent from AirWair.

48.     Steve Madden's conduct in copying AirWair has been systematic and deliberate. Steve Madden has copied the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations, in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens® footwear.

49.     By reason of Steve Madden's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for Steve Madden's acts. Unless restrained and enjoined, Steve Madden will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Steve Madden's actions.

## CPI's Infringement

50.     CPI has deliberately marketed, distributed, and sold shoes and boots that are direct and obvious copies of the distinctive Dr. Martens footwear and that infringe upon, counterfeit and/or dilute the Jadon Trade Dress, and/or AirWair Trademark Registrations in violation of AirWair's rights. CPI has sold these copies to third-party retailers, including Forever 21.

51.     On information and belief, CPI has sold footwear to Steve Madden.

52.     The use of the Jadon Trade Dress and AirWair Trademark Registrations on the infringing footwear sold by CPI suggests a sponsorship and affiliation with AirWair that does not exist.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

53.     CPI has no right to use the Jadon Trade Dress or AirWair Trademark Registrations. CPI's sale, advertisement, distribution, and promotion of the infringing footwear in the United States is without authorization or consent from AirWair.

54.     CPI's conduct in copying AirWair has been systematic and deliberate. CPI has copied the Jadon Trade Dress and AirWair Trademark Registrations, in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens® footwear.

55.     By reason of CPI's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for CPI's acts. Unless restrained and enjoined, CPI will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from CPI's actions.

**First Claim of Relief**

**Federal Trademark Infringement
in Violation of Lanham Act Section 32, 15 U.S.C. § 1114**

56.     AirWair realleges and incorporates by reference ¶¶ 1–55 of this Complaint.

57.     Steve Madden and CPI have, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy, or colorable imitation of the AirWair Trademark Registrations in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

58.     Steve Madden and CPI have, on or in connection with footwear products, reproduced, counterfeited, copied, and/or imitated the AirWair Trademark Registrations and has applied such reproductions, counterfeits, copies, and colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Complaint for Trademark Infringement          16

content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

59.    Steve Madden and CPI are acting and have acted with knowledge that the copying and use of the AirWair Trademark Registrations is unauthorized, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

60.    Steve Madden and CPI's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

<div align="center">

**Second Claim of Relief**

**Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a)**

</div>

61.    AirWair realleges and incorporates by reference ¶¶ 1–60 of this Complaint.

62.    Steve Madden and CPI's unlawful copying and use of the Jadon Trade Dress, Zebrilus Trade Dress, and AirWair Trademark Registrations in connection with its footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Steve Madden and CPI with AirWair, or as to the origin, sponsorship, or approval of Steve Madden and CPI's goods or commercial activities by AirWair; and

(b) misrepresent the nature, characteristics, or qualities of Steve Madden and CPI's goods, services, or commercial activities in advertising or promotion.

63.    Steve Madden and CPI's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Complaint for Trademark Infringement        17

**Third Claim for Relief**

**Federal Trademark Dilution**
**in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c)**

64.    AirWair realleges and incorporates by reference ¶¶ 1–63 of this Complaint.

65.    The Jadon Trade Dress and AirWair Trademark Registrations are famous and distinctive, in that they are widely recognized by the general consuming public of the United States as a designation of source for AirWair's high quality goods and services.

66.    After the Jadon Trade Dress and AirWair Trademark Registrations became famous, Steve Madden and CPI began using trade dress and trademarks in connection with the infringing footwear that are substantially identical or highly similar to AirWair's.

67.    Steve Madden and CPI's actions have diluted, blurred, and tarnished the strong and positive associations represented by the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations by lessening their capacity to identify and distinguish AirWair's products and by causing AirWair's products and the Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations to be associated with footwear not made, sponsored, or approved by AirWair.

68.    On information and belief, Steve Madden and CPI acted with knowledge of the fame and reputation of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations with the purpose of usurping such rights and to willfully and intentionally cause dilution of its famous trade dress and trademarks.

69.    Steve Madden and CPI's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations, and lessen the capacity of those marks to identify and distinguish the company's products.

70.    Steve Madden and CPI's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Steve Madden and

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

CPI are restrained, AirWair will continue to suffer damages and injury to its reputation, distinctiveness and goodwill.

71.     Because Steve Madden and CPI acted willfully and intentionally to trade on AirWair's reputation and cause dilution of its famous Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

<center>**Fourth Claim for Relief**</center>

<center>**State Unfair Competition**</center>

72.     AirWair realleges and incorporates by reference ¶¶ 1–71 of this Complaint.

73.     Steve Madden and CPI's acts, including the unlawful use and imitation of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in connection with the manufacture, marketing, distribution, and sale of footwear products, constitute an unlawful, unfair and/or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of state unfair competition laws, including:

| State | Unfair Competition Statute |
|---|---|
| California | Cal. Bus. & Prof. Code § 17200, *et seq*. |
| Colorado | Colo. Rev. Stat. Ann. §§ 6-1-101 to 6-1-115 |
| Delaware | Del. Code Ann. tit. 6, §§ 2531 to 2536 |
| Georgia | Ga. Code Ann. §§ 10-1-370 to 10-1-375 |
| Hawaii | Haw. Rev. Stat. §§ 481a-1 to 481a-5 |
| Illinois | Ill. Comp. Stat. Ann. Ch. 815, 510/1 To 510/7 |
| Maine | Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216 |
| Minnesota | Minn. Stat. Ann. § 325d.43 to 325d.48 |
| Nebraska | Neb. Rev. Stat. §§ 87-301 to 87-306 |
| New Mexico | N.M. Stat. Ann. §§ 57-12-1 to 57-12-22 |
| New York | N.Y. Gen. Bus. Law § 349 |
| Ohio | Ohio Rev. Code Ann. §§ 4165.01 to 4165.04 |
| Oklahoma | Okla. Stat. Ann. tit. 78, §§ 51 to 55 |

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

74.     Steve Madden and CPI's pattern and practice of imitating the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in connection with footwear products, and of trading upon AirWair's goodwill and reputation, constitute an unfair business practice in violation of the state unfair competition laws identified above.

75.     Steve Madden and CPI's conduct was willful, and AirWair has been and is likely to be damaged by this conduct, including lost profits.

<center>**Fifth Claim for Relief**</center>

<center>**Common Law Unfair Competition**</center>

76.     AirWair realleges and incorporates by reference ¶¶ 1–75 of this Complaint.

77.     Steve Madden and CPI's use and imitation of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in its footwear constitute infringement, passing off, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Steve Madden, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of Oregon and other states of the United States.

78.     Steve Madden and CPI's willful acts of misrepresentation, fraud, and deceit have unjustly enriched Steve Madden and CPI by exploiting AirWair's reputation in the market, caused harm to AirWair, and violated AirWair's rights.

<center>**Sixth Claim for Relief**</center>

<center>**State Law Dilution**
**in Violation of ORS § 647.107 and other state laws.**</center>

79.     AirWair realleges and incorporates by reference ¶¶ 1–78 of this Complaint.

80.     The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations are famous. The general consuming public of Oregon widely recognizes these trade dress as designations of the source of the AirWair's goods.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

81.     The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations have inherent or acquired distinctiveness.

82.     After the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations became famous, Steve Madden and CPI began using trade dress and trademarks in connection with the infringing footwear. The infringing footwear creates an association with AirWair's Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations that impairs the distinctiveness of AirWair's trade dress or harms the reputation of AirWair's trade dress.

83.     Steve Madden and CPI have lessened the capacity of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations to identify and distinguish AirWair's products and caused AirWair's products and the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations to be associated with footwear not made, sponsored, or approved by AirWair.

84.     Steve Madden and CPI acted willfully and intentionally to trade on AirWair's reputation and cause dilution of its famous trade dress and trademarks.

85.     Steve Madden and CPI's acts violate ORS § 647.107 and other state laws prohibiting trademark dilution, including:

| State | Dilution Statute |
| --- | --- |
| Alabama | Ala. Code § 8-12-17 |
| Alaska | Alaska Stat. § 45.50.180 |
| Arizona | Ariz. Rev. Stat. Ann. § 44-1448.01 |
| Arkansas | Ark. Code Ann. § 4-71-213 |
| California | Cal. Bus. & Prof. Code § 14247 |
| Connecticut | Conn. Gen. Stat. Ann § 35-11i(C) |
| Delaware | Del. Code Ann. Tit. 6 |
| Florida | Fla. Stat. Ann. § 495.151 |
| Georgia | Ga. Code Ann. § 10-1-451 |
| Hawaii | Haw. Rev. Stat. Ann. § 482-32 |
| Idaho | Idaho Code § 48-513 |
| Illinois | 765 Ill. Comp. Stat. Ann. 1036/65 |

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Complaint for Trademark Infringement          21

| State | Dilution Statute |
|---|---|
| Iowa | Iowa Code Ann. § 548.113 |
| Indiana | In. Code 24-2-13.5 |
| Kansas | Kan. Stat. Ann. § 81-214 |
| Louisiana | La. Rev. Stat. Ann. § 51:223.1 |
| Maine | Me. Rev. Stat. Ann. Tit. 10 |
| Massachusetts | Mass. Gen. Laws. Ann. Ch. 110h |
| Minnesota | Minn. Stat. Ann. § 333.285 |
| Mississippi | Miss. Code. Ann. § 75-25-25 |
| Missouri | Mo. Ann. Stat. § 417.061(1) |
| Montana | Mont. Code Ann. § 30-13-334 |
| Nebraska | Neb. Rev. Stat. Ann. § 87-140 |
| Nevada | Nev. Rev. Stat. 600.435 |
| New Hampshire | N.H. Rev. Stat. Ann. § 350-A:12 |
| New Jersey | N.J. Stat. Ann. 56:3-13.20 |
| New Mexico | N.M. Stat. Ann. § 57-3b-15 |
| New York | N.Y. Gen. Bus. Law § 360-L |
| Oregon | ORS § 647.107 |
| Pennsylvania | 54 Pa. Cons. Stat. Ann. § 1124 |
| Rhode Island | R.I. Gen. Laws § 6-2-12 |
| South Carolina | S. C. Code Ann. § 39-15-1165 |
| Tennessee | Tenn. Code Ann. § 47-25-513 |
| Texas | Tex. Bus. & Com. Code Ann. § 16.29 |
| Utah | Ut. Code Ann. § 70-3a-403 |
| Washington | Wash. Rev. Code Ann. § 19.77.160 |
| West Virginia | W.V. Stat. Ann. 47-2-13 |
| Wyoming | Wyo. Stat. Ann. § 40-1-115 |

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

86.     AirWair has been damaged and is likely to be damaged by these acts which cause lost sales and harm to AirWair's reputation.

### Prayer for Relief

87.     AirWair prays for judgment in its favor and against Steve Madden and CPI.

88.     A preliminary and permanent injunction enjoining Steve Madden and CPI, their officers, shareholders, agents, servants, employees, attorneys, successors and

Complaint for Trademark Infringement          22

assigns, affiliates, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with Steve Madden or CPI, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing, or selling the Infringing Footwear or any other footwear products that use, imitate, or copy any of the Jadon Trade Dress, Zebrilus Trade Dress and/or any of the features described in the AirWair Trademark Registrations ("**Enjoined Footwear**").

89.    An Order directing Steve Madden and CPI to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Steve Madden and CPI have complied with the injunction.

90.    An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of Steve Madden or CPI bearing images, illustrations, or representations of the Infringing Footwear and Enjoined Footwear, Jadon Trade Dress, Zebrilus Trade Dress, AirWair Trademark Registrations, Dr. Martens® name, AirWair name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed in accordance with written instructions from AirWair; (2) that Steve Madden disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing Footwear, sole molds, and undersole; (3) all Infringing Footwear and Enjoined Footwear be delivered to AirWair or destroyed in accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the AirWair Trademark Registrations be immediately discontinued and removed from operation or view.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Complaint for Trademark Infringement       23

91.     An accounting for Steve Madden and CPI's profits arising from Steve Madden and CPI's unfair competition and trademark infringement.

92.     An award of Steve Madden and CPI's profits to AirWair, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

93.     An award of damages sustained by AirWair.

94.     In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $2,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Steve Madden or CPI.

95.     An award of treble the actual damages awarded for use of a counterfeit mark pursuant to 15 U.S.C. § 1117(b). AirWair reserves the right to elect, any time before final judgment, statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages and profits.

96.     Pre-judgment and post-judgment interest on the above damage awards.

97.     An award of costs and reasonable attorney's fees and expenses incurred by AirWair in connection with this action.

98.     Such other and further relief which this Court may deem just.

**Demand for Jury Trial**

99.     AirWair hereby demands a trial by jury.

Dated: August 23, 2023

_____

Jennifer L. Campbell, 112511

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

**Bryan Cave Leighton Paisner LLP**
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

# Exhibit 1 (PX1)

Attached to AirWair's Complaint for Trademark Infringement

Case No.

## Trademark Registration No. 2,437,751

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 2,437,751
Registered Mar. 27, 2001

### TRADEMARK
### PRINCIPAL REGISTER



R. GRIGGS GROUP LIMITED (UNITED KING-
DOM CORPORATION)
COBBS LANE, WOLLASTON, WELLINGBOROUGH
NORTHANTS NN8 7SW, UNITED KINGDOM

FOR: FOOTWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 4-1-1960; IN COMMERCE 0-0-1984.

THE DRAWING OF THE WELT STITCH IS LINED
FOR THE COLOR YELLOW, AND CLAIM IS MADE
TO COLOR.

THE MARK CONSISTS OF THE COMBINATION
OF YELLOW STITCHING IN THE WELT AREA
AND A TWO-TONE GROOVED SOLE EDGE.

SEC. 2(F).

SER. NO. 74-494,466, FILED 2-25-1994.

CATHERINE KAISER KREBS, EXAMINING AT-
TORNEY

**Bryan Cave Leighton Paisner LLP**
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

# Exhibit 2 (PX2)

Attached to AirWair's Complaint for Trademark Infringement

Case No.

Trademark Registration No. 5,067,692

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,067,692**

**Registered Oct. 25, 2016**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Airwair International Ltd. (UNITED KINGDOM CORPORATION)
Cobb's Lane, Wollaston
Northamptonshire UNITED KINGDOM NN297SW

CLASS 25: Footwear

FIRST USE 00-00-1960; IN COMMERCE 00-00-1984

The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. The phantom lining is not a part of the mark, but merely indicates the position of the mark.

OWNER OF U.S. REG. NO. 2437750, 2341976, 2104349

SEC.2(F)

SER. NO. 86-939,740, FILED 03-14-2016
EUGENIA K MARTIN, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**Bryan Cave Leighton Paisner LLP**
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

# Exhibit 3 (PX3)

Attached to AirWair's Complaint for Trademark Infringement

Case No.

Trademark Registration No. 7,039,347



# United States of America

## United States Patent and Trademark Office



**Reg. No. 7,039,347**

**Registered May 02, 2023**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Airwair International Ltd.  (UNITED KINGDOM CORPORATION)
Cobb's Lane, Wollaston
Northamptonshire, UNITED KINGDOM NN297SW

CLASS 25: Footwear

FIRST USE 00-00-1960; IN COMMERCE 00-00-1984

The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a two-tone grooved sole edge. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods.

OWNER OF U.S. REG. NO. 2437751, 5067692, 5067689

SEC.2(F)

SER. NO. 88-857,194, FILED 04-02-2020

*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



**Bryan Cave Leighton Paisner LLP**
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

# Exhibit 4 (PX4)

Attached to AirWair's Complaint for Trademark Infringement

Case No.

## Trademark Registration No. 7,039,348

# United States of America

## United States Patent and Trademark Office



**Reg. No. 7,039,348**

**Registered May 02, 2023**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Airwair International Ltd.  (UNITED KINGDOM CORPORATION)
Cobb's Lane, Wollaston
Northamptonshire, UNITED KINGDOM NN297SW

CLASS 25: Footwear

FIRST USE 00-00-1995; IN COMMERCE 00-00-1995

The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a grooved sole edge on a thick sole. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods.

OWNER OF U.S. REG. NO. 2437751, 5067692, 5067689

SEC.2(F)

SER. NO. 88-857,201, FILED 04-02-2020

*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



**Bryan Cave Leighton Paisner LLP**
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

# Exhibit 5 (PX5)

Attached to AirWair's Complaint for Trademark Infringement

Case No.

## Infringing Footwear

# BRENTON BLACK PATENT







**BETTYY BLACK**







# BETTYY BOOT







## BETTYY BOOT







# DIZZY PLATFORM SLIDE SANDAL







## MADDEN GIRL – WOMENS DORITE PLATFORM SANDAL







## MADDEN GIRL WOMENS HAWKE COMBAT BOOT





