Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
STOEL RIVES LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR 97205
Telephone: (503) 294-9557

Floyd A. Mandell (*pro hac vice*)
floyd.mandell@katten.com
Julia L. Mazur (*pro hac vice*)
julia.mazur@katten.com
Matthew Hartzler (*pro hac vice* application forthcoming)
matthew.hartzler@katten.com
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St.
Chicago, IL 60661
Telephone: (312) 902-5200

Douglas A. Miro (*pro hac vice* application forthcoming)
dmiro@arelaw.com
Olivia A. Harris (*pro hac vice* application forthcoming)
oharris@arelaw.com
AMSTER ROTHSTEIN & EBENSTEIN LLP
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 336-8000

*Attorneys for Defendant/Counter-Claimant, Steven Madden, Ltd.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., DR. MARTENS AIRWAIR USA, LLC. | Case No. 3:23-cv-01227-AN |
| Plaintiffs/Counter-Defendant, | |
| v. | STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS |
| STEVEN MADDEN, LTD., CP INTERNATIONAL CORP., and DOES 1–50 | |
| Defendants/Counter-Claimant. | |

Defendant and Counter-Claimant Steven Madden, Ltd. ("Steve Madden") answers and states affirmative defenses to the complaint filed by Plaintiffs and Counter-Defendant AirWair International Ltd. and Dr. Martens AirWair USA, LLC (collectively, "AirWair") on August 23, 2023. As part of its industry-wide campaign to bully competition into ceding market share and unlawfully monopolize the combat-boot market, AirWair asserts trade dress rights over common and functional design elements that no consumer would exclusively associate with the Dr. Martens brand. Steve Madden asserts counterclaims against AirWair to cancel many of AirWair's trade dress registrations, which lack inherent or acquired distinctiveness, fail to function as marks, and/or are functional.

## PRELIMINARY STATEMENT

1.       Plaintiff AirWair International Ltd. owns the trade dress for Dr. Martens footwear. Defendants Steve Madden and CPI manufacture/sell footwear that is confusingly similar to Dr. Martens footwear. AirWair requests an injunction and a jury trial on damages.

**Answer:** Steve Madden denies that it manufactures or sells footwear that is confusingly similar to Dr. Martens footwear and denies AirWair is entitled to an injunction or a jury trial. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

### The Parties

2.       Plaintiffs **AirWair International Ltd.** and **Dr. Martens AirWair USA, LLC** are subsidiaries of Dr. Martens AirWair Group Ltd. and are engaged in the design, manufacture, marketing, and sale of Dr. Martens® footwear (AirWair International Ltd., Dr. Martens AirWair USA Ltd., and Dr. Martens AirWair Group Ltd. are referred to collectively hereafter as "**AirWair**").

**Answer:** Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      AirWair International Ltd. is a company of the United Kingdom, located and doing business at: Cobbs Lane, Wollaston, Northamptonshire, United Kingdom, NN29 7SW.

**Answer:**  Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Dr. Martens AirWair USA LLC is a Delaware Limited Liability Company, with its principal place of business at: 2 NW 10th Avenue, Portland, OR, 97209-3106.

**Answer:**  Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Defendant Steven Madden, Ltd. ("**Steve Madden**") is, on information and belief, a Delaware Limited Liability Company, with its principal place of business at: 52-16 Barnett Avenue, Long Island City, NY 11104.

**Answer:**  Admitted.

6.      On information and belief, Defendant CP International Corp. ("**CPI**") is incorporated in New Jersey, with its principal place of business at: 165 N. Dean Street, Englewood, NJ 07631.

**Answer:** Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Steve Madden's footwear products are the subject matter of this action.  On information and belief, Steve Madden markets, distributes, and sells clothing and footwear products globally, including in the United States, and within this District through the website https://www.stevemadden.com.  It also sells footwear products at its brick and mortar stores in Oregon.  It likewise sells footwear products to third-party retailers, for distribution globally and throughout the United States.

**Answer:**  Steve Madden denies that its footwear products are the only subject matter of this action. Steve Madden denies that it has any brick-and-mortar stores in Oregon. Steve Madden admits any remaining allegations in paragraph 7.

8.      On information and belief, CPI markets, distributes, and sells footwear through wholesale agreements with various third-party retailers, including

Steve Madden, for distribution globally and throughout the United States, including this District.

**Answer:**  Steve Madden denies CPI markets, distributes, and sells footwear through wholesale agreements with Steve Madden. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 8.

9.      Does 1–50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants").  AirWair will seek leave of court to substitute their true names when they become known.

**Answer:**  Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

## Jurisdiction & Venue

10.     Subject-matter jurisdiction arises under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) because AirWair alleges claims under trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

**Answer:**  Admitted.

11.     Pendant jurisdiction arises under 28 U.S.C. § 1338(b) because AirWair alleges claims joined with a substantial and related claim under the trademark laws of the United States.

**Answer:**  Admitted.

12.     Venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief, Steve Madden and CPI conduct business within this District and have engaged in, and continue to engage in, acts of advertising, offering for sale, and selling retail goods and products to consumers in this District.

**Answer:**  Steve Madden admits the allegations directed at Steve Madden in paragraph 12. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations directed at CPI.

## Factual Allegations

13.     AirWair is headquartered in England and, through its predecessor companies, has manufactured footwear for close to a century.  AirWair,

Page 3    -    STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

> through its predecessor companies, has made and sold Dr. Martens®
> footwear since 1960. Dr. Martens® footwear is famous worldwide and has
> been sold not only in England, but also throughout Europe and the United
> States. It has also been sold in Japan, China, Korea, Malaysia, Hong Kong,
> Thailand, Vietnam, and other Asian countries; in Canada, Mexico, and
> Central and South America; in Australia and New Zealand; and in the
> Middle East.

**Answer:** Steve Madden admits that Dr. Martens footwear was originated by a predecessor to AirWair, on information and belief, by a doctor and soldier who fought in World War II on behalf of Nazi Germany—*i.e.* Dr. Klaus Marten. On information and belief, Dr. Martens shoes were not advertised or sold outside of Germany until 1959. Steve Madden denies that Dr. Martens footwear is famous worldwide. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.    Since as early as 1984, AirWair has marketed and sold Dr. Martens®
       footwear using distinctive trade dress in the United States.

**Answer:** Steve Madden denies that AirWair's product designs are distinctive. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15.    Dr. Martens® footwear is widely recognized and extremely popular and has
       achieved recognition as ranking among the world's greatest and most
       recognizable brands. The distinctive trade dress of its iconic footwear has
       been used by the company since 1960 and is world famous. Over a period
       of nearly 40 years, hundreds of millions of pairs of shoes, boots, and sandals
       with the distinctive trade dress have been sold in the United States.

**Answer:** Steve Madden denies that Dr. Martens footwear is widely recognized, extremely popular, iconic, distinctive, or world famous. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

### The AirWair Classic Trade Dress

16.    The AirWair® "Classic Trade Dress" represents the "DNA" of the
       Dr. Martens® brand. As such, consumers recognize elements of the trade

Page 4   -   STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK
             INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

dress on many different Dr. Martens® styles as a way to identify genuine Dr. Martens® brand footwear.  The AirWair® Classic Trade Dress has consisted of the overall configuration and impression of AirWair's iconic footwear, including but not limited to the combination of the following features:  (1) yellow welt stitching; (2) a grooved sole edge; (3) an angled heel; (4) a two-tone sole edge; (5) the DMS sole pattern; (6) the "DMS" side view cleat pattern[1]; and (7) a yellow and black heel loop (collectively the "**AirWair Classic Trade Dress**").

**Answer:**  Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of what constitutes the "DNA" of AirWair's Dr. Martens brand. Steve Madden denies the remaining allegations in paragraph 16.

17.    The iconic Dr. Martens® 1460® boot is shown below, which contains all elements of the AirWair Classic Trade Dress:



In addition to selling the same styles it has sold since the 1960s, AirWair also creates new Dr. Martens® designs, with each new style incorporating essential trade dress features of the original Dr. Martens® 1460 boot and AirWair Classic Trade Dress to identify the product as genuine Dr. Martens® brand footwear.

---

[1] A side view cleat pattern refers to the profile design comprising an arrangement of notches along the bottom of the sole edge.

**Answer:**  Steve Madden denies the shoe pictured is "iconic." Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

### The Jadon Trade Dress

18.    In 2013, AirWair began marketing a new style called the Jadon® boot, which uses iconic trade dress elements that consumers recognize and associate with the Dr. Martens® brand.  The Jadon® boot is hugely popular and has become a famous icon of the brand.

**Answer:**  Steve Madden denies that the Jadon boot is hugely popular or has become a famous icon of the Dr. Martens brand. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.    The trade dress used in the Jadon® boot at common law consists of the overall configuration and impression of the Jadon® footwear, including the combination of the following features:  (1) contrast welt stitching; (2) a grooved sole edge; (3) an angled heel; (4) a distinctive, double-layered platform sole; (5) the AirWair® "Quad" side view cleat pattern; and (6) a yellow and black heel loop (collectively the "**Jadon Trade Dress**").

**Answer:**  Denied.

20.    The iconic Dr. Martens® Jadon® boot is shown below:



**Answer:**  Steve Madden denies that the shoe pictured is "iconic." Steve Madden lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 20.

### The Zebrilus Trade Dress

21.    Likewise, in 2018, AirWair began marketing a new collection of shoes
constructed on a sole unit called the Zebrilus™, which uses iconic trade
dress elements that consumers recognize and associate with the
Dr. Martens® brand, such as a grooved side sole.  Zebrilus sandals are
hugely popular and have become a brand icon.

**Answer:**  Steve Madden denies that consumers recognize and associate a grooved side sole

with the Dr. Martens brand. Steve Madden denies that the Zebrilus sandals are hugely popular or

have become a brand icon. Steve Madden lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 21.

22.    The trade dress used in the Zebrilus sandal collection at common law
consists of the overall configuration and impression of the Zebrilus sole
unit, including the combination of the following features:  (1) a yellow welt
stitch; (2) a grooved sole edge; (3) a distinctive two-tiered welt area with

Page 7    -    STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK
INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

rounded edges; (4) a grooved footbed edge[2]; and (5) the AirWair®
"Zebrilus" side view cleat pattern (collectively the **Zebrilus Trade
Dress**").

**Answer:**  Denied.

23.     Numerous styles have been launched in the Zebrilus collection and feature
        the Zebrilus Trade Dress, including the BlaireTM, VossTM, MylesTM,
        TerryTM, YelenaTM, RykerTM, AbelTM, NartillaTM, AdairaTM,
        FrancisTM, OlsonTM, KimberTM, AvryTM, GiavannaTM, and FynnTM.

**Answer:**  Steve Madden lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 23.

24.     This iconic Dr. Martens® Blaire sandal features the Zebrilus Trade Dress:



**Answer:**  Steve Madden denies that the footwear pictured is "iconic." Steve Madden lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 24.

---

[2] A footbed refers to the insole/cushioning that makes contact with the wearer's foot.  In the Zebrilus collection, the
footbed's outer edge is visible in areas not covered by the sandal's upper; AirWair has applied its iconic grooving to
that portion of the sole unit.

**AirWair's Relevant Trademark Registrations**

25.    AirWair holds registrations for its trade dress features and trademarks throughout the world, including registrations in the United States Patent and Trademark Office shown in Plaintiff's Exhibits ("PX") 1–4 ("**AirWair Trademark Registrations**").

**Answer:**  Steve Madden admits that AirWair owns the registrations listed in Plaintiffs' Exhibits 1–4. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.    AirWair International Ltd. owns Registration No. 2,437,751, which issued March 27, 2001.

**Answer:**  Admitted.

27.    AirWair International Ltd. owns Registration No. 5,067,692, which issued October 27, 2016.

**Answer:**  Admitted.

28.    AirWair International Ltd. owns Registration No. 7,039,347, which issued May 2, 2023.

**Answer:**  Admitted.

29.    AirWair International Ltd. owns Registration No. 7,039,348, which issued May 2, 2023.

**Answer:**  Admitted.

30.    AirWair International Ltd. owns Application No. 97,636,209, which was published for opposition on July 18, 2023 and is expected to register shortly.

| Trademark | Design Element | Goods |
|---|---|---|
| **Footwear Design**<br>Incontestable[*]<br>2,437,751<br>03/27/2001<br><br>Attached as PX1 |  | Class 25:  Footwear<br><br>Notes: The mark consists of the combination of yellow stitching in the welt area and a two-tone grooved sole edge. The drawing of the welt stitch is lined for the color yellow, and claim is made to color. |
| **Footwear Design**<br>Incontestable[*]<br>5,067,692<br>10/25/2016<br><br>Attached as PX2 |  | Class 25:  Footwear<br><br>Notes: The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. |
| **Footwear Design**<br>7,039,347<br>5/2/2023<br><br>Attached as PX3 |  | Class 25: Footwear<br><br>The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a two-tone grooved sole edge. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |

An "*" denotes that a declaration of incontestability has been filed under Section 15 of the Lanham Act and the mark has become incontestable.

| | | |
|---|---|---|
| **Footwear Design**<br>7,039,348<br>5/2/2023<br><br>Attached as PX4 |  | Class 25: Footwear<br><br>The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a grooved sole edge on a thick sole. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |
| **Footwear Design**<br>Application No.<br>97,636,209 |  | Class 25: Footwear<br><br>The mark consists of a three-dimensional configuration of footwear consisting of a grooved sole edge in black, a two-tiered welt area with rounded edges intersected by yellow stitching, and a grooved footbed edge in black. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |

**Answer:**  Steve Madden admits that AirWair owns the registrations listed in Plaintiffs'

Exhibits 1–4. Steve Madden lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 30.

31.     The registration of these marks constitutes *prima facie* evidence of their
        validity, and of AirWair's exclusive right to use the trade dress and marks
        described therein in connection with the goods identified therein and other
        commercial goods.

**Answer:**  Denied.

32.    AirWair has filed declarations of continued use and incontestability under Sections 8 and 15 of the Lanham Act for the Trade Dress Registrations and Trademark Registrations referenced in PX1–2, and those marks have thus become incontestable.

**Answer:**  Admitted to the extent "incontestable" holds the meaning prescribed in 15 U.S.C.

§§ 1065 & 1115, otherwise denied.

33.    The incontestability of the registrations shown in PX1–2 constitutes *conclusive* evidence of their validity, and of AirWair's exclusive right to use the trade dress and marks described therein, subject to limited defenses and exceptions.

**Answer:**  The allegations of paragraph 33 are legal conclusions to which no responsive

pleading is required.  To the extent a responsive pleading is required, however, denied.

34.    The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations are unique and distinctive when applied to the high-quality Dr. Martens® brand footwear and related merchandise, and identify the merchandise as high-quality goods from AirWair.

**Answer:**  Denied.

35.    The Jadon Trade Dress and AirWair Trademark Registrations qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and such marks have been continuously used and never abandoned.  Indeed, in 2021, a federal jury found the Jadon Trade Dress and the trade dress depicted in Registrations 2,437,751, 5,067,689, and 5,067,692, to be valid and famous. *See* ECF 183 (Verdict at 2–6), *AirWair Int'l Ltd. v. ITX USA, LLC*, No. 3:19-cv-07641-SI (N.D. Cal. Aug. 9, 2021).

**Answer:**   Steve Madden denies that the Jadon Trade Tress and AirWair Trademark

Registrations qualify as famous marks. Steve Madden lacks knowledge or information sufficient

to form a belief as to whether the Jadon Trade Dress and AirWair Trademark Registrations have

been continuously used and never abandoned. Steve Madden admits that the jury in *AirWair Int'l*

*Ltd. v. ITX USA, LLC*, No. 3:19-cv-07641-SI (N.D. Cal. Aug. 9, 2021) found the Jadon Trade

Dress and the trade dress depicted in Registrations 2,437,751, 5,067,689, and 5,067,692, to be

valid and famous, but Steve Madden avers that the jury awarded AirWair $0 in damages, the

verdict was appealed, and denies that the finding is applicable to or has any preclusive effect on

this case. Steve Madden denies the remaining allegations in paragraph 35.

> 36.    The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark
> Registrations are distinctive or have acquired distinctiveness, and are
> non-functional.

**Answer:** Denied.

> 37.    Defendants are knowledgeable about the Jadon Trade Dress, Zebrilus Trade
> Dress and AirWair Trademark Registrations.

**Answer:** Denied.

### Steve Madden's Infringement

> 38.    Steve Madden has had actual notice of AirWair's intellectual property rights
> since at least 2017 when AirWair filed a complaint against Steve Madden
> for federal trademark and trade dress infringement, federal false designation
> of origin, federal trademark dilution, California statutory unfair
> competition, common law unfair competition, and California statutory
> trademark dilution.  AirWair alleged that Steve Madden footwear infringed
> AirWair's trade dress rights.    This case was captioned *AirWair
> International Ltd. v. Steve Madden. Ltd.*, Case No. 3:17-CV-01024-SI in the
> Northern District of California.

**Answer:** Denied.

> 39.    To resolve that dispute, AirWair and Steve Madden entered into a
> settlement and release agreement (the "**2018 Agreement**").

**Answer:** Steve Madden admits that it and AirWair entered into the 2018 Agreement. Steve

Madden denies the unstated implication Steve Madden breached that 2018 Agreement and denies

any remaining allegations in paragraph 39.

> 40.    Despite being on notice of AirWair's rights, Steve Madden continues to
> launch, sell, and offer for sale new footwear styles that infringe upon,
> counterfeit, and/or dilute AirWair's rights.

**Answer:** Denied.

> 41.    Steve Madden has marketed, distributed, and sold shoes and boots that are
> direct and obvious copies of the distinctive Dr. Martens footwear and that
> infringe upon, counterfeit and/or dilute the Jadon Trade Dress, Zebrilus

Page 13  -    STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK
INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Trade Dress and AirWair Trademark Registrations in violation of AirWair's rights. The similarities are obvious and clearly intentional as shown in the seven following examples:

| **Dr. Martens** | **Steve Madden** |
|---|---|





| Genuine Dr. Martens "Jadon® Smooth Leather Platform Boots" | Steve Madden Infringing Footwear "Bettyy White/Black" |
|---|---|





| Genuine Dr. Martens "Jadon Smooth Leather Platform Boots" | Steve Madden Infringing Footwear "Bettyy Black" |
|---|---|





| Genuine Dr. Martens "Jadon Smooth Leather Platform Boots" | Steve Madden Infringing Footwear "Bettyy Burgundy" |
|---|---|





| **Dr. Martens** | **Steve Madden** |
|---|---|
| Genuine Dr. Martens "1461 Quad Patent Womens Platform Shoes" | Steve Madden Infringing Footwear "Brenton" |




| Genuine Dr. Martens "Myles Brando Leather Buckle Slide" | Steve Madden Infringing Footwear "Women's Dizzy Platform Slide" |
|---|---|




| Genuine Dr. Martens "Olson Zipped Leather Strap Sandals" | Steve Madden Infringing Footwear "Madden Girl Women's Dorite Platform Sandal |
|---|---|




| Genuine Dr. Martens "Leona Women's Vintage Smooth Leather" | Steve Madden Infringing Footwear "Madden Girl Hawke Combat Boot" |
|---|---|

**Answer:** Denied.

42.    The infringing styles marketed and sold by Steve Madden include, but are not limited to, the styles listed below, each of which is pictured in PX5 attached hereto (the "**Infringing Footwear**").

- Brenton Black Patent

- Bettyy Black

- Bettyy Burgundy

- Bettyy White/Black

- Dizzy Platform Slide Sandal

- Madden Girl Women's Dorite Platform Sandal

- Madden Girl Hawke Combat Boot

**Answer:** Steve Madden admits it sold the items listed in paragraph 42 but denies all remaining allegations in paragraph 42.

43.   As alleged above, Steve Madden is fully aware of the Dr. Martens® brand and its famous trade dress and trademarks.

**Answer:** Denied.

44.   Despite being on notice of AirWair's intellectual property and AirWair's previous assertions of infringement, Steve Madden has deliberately continued to sell numerous styles that are confusingly similar to the Jadon Trade Dress, Zebrilus Trade Dress, and AirWair Trademark Registrations.

**Answer:** Denied.

45.   Upon information and belief, Steve Madden intentionally copied the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in order to capitalize on the reputation and fame of the Dr. Martens® brand. This is an "exceptional" and "willful" case of counterfeiting within the meaning of 15 U.S.C. §§ 1117(a), (b), and (c), because Steve Madden knowingly and intentionally infringed and intentionally sold copy footwear with the intent to confuse consumers. AirWair is therefore entitled to treble damages and attorneys' fees.

**Answer:** Denied.

46.   The use of the Jadon Trade Dress, Zebrilus Trade Dress, and AirWair Trademark Registrations on the infringing footwear sold by Steve Madden suggests a sponsorship and affiliation with AirWair that does not exist.

**Answer:** Denied.

47.    Steve Madden has no right to use the Jadon Trade Dress, Zebrilus Trade
       Dress or AirWair Trademark Registrations.    Steve Madden's sale,
       advertisement, distribution, and promotion of the infringing footwear in the
       United States is without authorization or consent from AirWair.

**Answer:**  Denied.

48.    Steve Madden's conduct in copying AirWair has been systematic and
       deliberate.  Steve Madden has copied the Jadon Trade Dress, Zebrilus Trade
       Dress and AirWair Trademark Registrations, in a deliberate and calculated
       attempt to trade upon the popularity and distinctive appearance and design
       of Dr. Martens® footwear.

**Answer:**  Denied.

49.    By reason of Steve Madden's acts, AirWair has suffered and will continue
       to suffer damage to its business, reputation, and goodwill, and the loss of
       sales and profits AirWair would have realized but for Steve Madden's acts.
       Unless restrained and enjoined, Steve Madden will continue to engage in
       the acts complained of and irreparably damage AirWair.  AirWair's remedy
       at law is not adequate to compensate AirWair for all the resulting injuries
       arising from Steve Madden's actions.

**Answer:**  Denied.

## CPI's Infringement

Steve Madden affirmatively avers that the footwear products accused of infringement in

AirWair's Complaint were/are not from, manufactured by, distributed by, or otherwise connected

with CPI. As such, paragraphs 50–55 are not directed to Steve Madden. Nevertheless, Steve

Madden responds as follows:

50.    CPI has deliberately marketed, distributed, and sold shoes and boots that are
       direct and obvious copies of the distinctive Dr. Martens footwear and that
       infringe upon, counterfeit and/or dilute the Jadon Trade Dress, and/or
       AirWair Trademark Registrations in violation of AirWair's rights.  CPI has
       sold these copies to third-party retailers, including Forever 21.

**Answer:**  Steve Madden lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 50.

51.    On information and belief, CPI has sold footwear to Steve Madden.

**Answer**: Steve Madden admits that CPI has sold footwear to it in the past, but denies that any of the footwear products at issue in this case were/are from, manufactured by, distributed by, or otherwise connected with CPI. Steve Madden denies any remaining allegations in paragraph 51.

52.     The use of the Jadon Trade Dress and AirWair Trademark Registrations on the infringing footwear sold by CPI suggests a sponsorship and affiliation with AirWair that does not exist.

**Answer**: Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     CPI has no right to use the Jadon Trade Dress or AirWair Trademark Registrations. CPI's sale, advertisement, distribution, and promotion of the infringing footwear in the United States is without authorization or consent from AirWair.

**Answer**: Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     CPI's conduct in copying AirWair has been systematic and deliberate. CPI has copied the Jadon Trade Dress and AirWair Trademark Registrations, in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens® footwear.

**Answer**: Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     By reason of CPI's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for CPI's acts. Unless restrained and enjoined, CPI will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from CPI's actions.

**Answer**: Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

**First Claim of Relief**
**Federal Trademark Infringement**
**in Violation of Lanham Act Section 32, 15 U.S.C. § 1114**

Page 18   -   STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

56.    AirWair realleges and incorporates by reference ¶¶ 1–55 of this Complaint.

**Answer:**    Steve Madden realleges and incorporates by reference its responses to paragraphs 1 through 55 of AirWair's Complaint.

57.    Steve Madden and CPI have, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy, or colorable imitation of the AirWair Trademark Registrations in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 57. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

58.    Steve Madden and CPI have, on or in connection with footwear products, reproduced, counterfeited, copied, and/or imitated the AirWair Trademark Registrations and has applied such reproductions, counterfeits, copies, and colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 58. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

59.    Steve Madden and CPI are acting and have acted with knowledge that the copying and use of the AirWair Trademark Registrations is unauthorized, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 59. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

Page 19  -    STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

60.    Steve Madden and CPI's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 60. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

**Second Claim of Relief**
**Federal Unfair Competition and False Designation of Origin**
**in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a)**

61.    AirWair realleges and incorporates by reference ¶¶ 1–60 of this Complaint.

**Answer:**    Steve Madden realleges and incorporates by reference its responses to paragraphs 1 through 60 of AirWair's Complaint.

62.    Steve Madden and CPI's unlawful copying and use of the Jadon Trade Dress, Zebrilus Trade Dress, and AirWair Trademark Registrations in connection with its footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

(a)    is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Steve Madden and CPI with AirWair, or as to the origin, sponsorship, or approval of Steve Madden and CPI's goods or commercial activities by AirWair; and

(b)    misrepresent the nature, characteristics, or qualities of Steve Madden and CPI's goods, services, or commercial activities in advertising or promotion.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 62. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

63.    Steve Madden and CPI's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 63. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

Page 20  -    STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**Third Claim for Relief**
**Federal Trademark Dilution**
**in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c)**

64.      AirWair realleges and incorporates by reference ¶¶ 1–63 of this Complaint.

**Answer:**   Steve Madden realleges and incorporates by reference its responses to

paragraphs 1 through 63 of AirWair's Complaint.

65.      The Jadon Trade Dress and AirWair Trademark Registrations are famous
and distinctive, in that they are widely recognized by the general consuming
public of the United States as a designation of source for AirWair's high
quality goods and services.

**Answer:**  Denied.

66.      After the Jadon Trade Dress and AirWair Trademark Registrations became
famous, Steve Madden and CPI began using trade dress and trademarks in
connection with the infringing footwear that are substantially identical or
highly similar to AirWair's.

**Answer:**   Steve Madden denies all the allegations directed at Steve Madden in

paragraph 66. Steve Madden lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations directed at CPI.

67.      Steve Madden and CPI's actions have diluted, blurred, and tarnished the
strong and positive associations represented by the Jadon Trade Dress,
Zebrilus Trade Dress and AirWair Trademark Registrations by lessening
their capacity to identify and distinguish AirWair's products and by causing
AirWair's products and the Trade Dress, Zebrilus Trade Dress and AirWair
Trademark Registrations to be associated with footwear not made,
sponsored, or approved by AirWair.

**Answer:**   Steve Madden denies all the allegations directed at Steve Madden in

paragraph 67. Steve Madden lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations directed at CPI.

68.      On information and belief, Steve Madden and CPI acted with knowledge of
the fame and reputation of the Jadon Trade Dress, Zebrilus Trade Dress and
AirWair Trademark Registrations with the purpose of usurping such rights
and to willfully and intentionally cause dilution of its famous trade dress
and trademarks.

Page 21  -   STEVEN MADDEN, LTD.'S ANSWER TO COMPLAINT FOR TRADEMARK
INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**Answer:**   Steve Madden denies all the allegations directed at Steve Madden in paragraph 68. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

69.     Steve Madden and CPI's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations, and lessen the capacity of those marks to identify and distinguish the company's products.

**Answer:**   Steve Madden denies all the allegations directed at Steve Madden in paragraph 69. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

70.     Steve Madden and CPI's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts.  Unless Steve Madden and CPI are restrained, AirWair will continue to suffer damages and injury to its reputation, distinctiveness and goodwill.

**Answer:**   Steve Madden denies all the allegations directed at Steve Madden in paragraph 70. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

71.     Because Steve Madden and CPI acted willfully and intentionally to trade on AirWair's reputation and cause dilution of its famous Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

**Answer:**   Steve Madden denies all the allegations directed at Steve Madden in paragraph 71. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

### Fourth Claim for Relief
### State Unfair Competition

72.     AirWair realleges and incorporates by reference ¶¶ 1–71 of this Complaint.

**Answer:**    Steve Madden realleges and incorporates by reference its responses to paragraphs 1 through 71 of AirWair's Complaint.

73.    Steve Madden and CPI's acts, including the unlawful use and imitation of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in connection with the manufacture, marketing, distribution, and sale of footwear products, constitute an unlawful, unfair and/or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of state unfair competition laws, including:

| **State** | **Unfair Competition Statute** |
|---|---|
| California | Cal. Bus. & Prof. Code § 17200, *et seq*. |
| Colorado | Colo. Rev. Stat. Ann. §§ 6-1-101 to 6-1-115 |
| Delaware | Del. Code Ann. tit. 6, §§ 2531 to 2536 |
| Georgia | Ga. Code Ann. §§ 10-1-370 to 10-1-375 |
| Hawaii | Haw. Rev. Stat. §§ 481a-1 to 481a-5 |
| Illinois | Ill. Comp. Stat. Ann. Ch. 815, 510/1 To 510/7 |
| Maine | Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216 |
| Minnesota | Minn. Stat. Ann. § 325d.43 to 325d.48 |
| Nebraska | Neb. Rev. Stat. §§ 87-301 to 87-306 |
| New Mexico | N.M. Stat. Ann. §§ 57-12-1 to 57-12-22 |
| New York | N.Y. Gen. Bus. Law § 349 |
| Ohio | Ohio Rev. Code Ann. §§ 4165.01 to 4165.04 |
| Oklahoma | Okla. Stat. Ann. tit. 78, §§ 51 to 55 |

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 73. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

74.    Steve Madden and CPI's pattern and practice of imitating the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in connection with footwear products, and of trading upon AirWair's goodwill and reputation, constitute an unfair business practice in violation of the state unfair competition laws identified above.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 74. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

75.    Steve Madden and CPI's conduct was willful, and AirWair has been and is likely to be damaged by this conduct, including lost profits.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 75. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

### Fifth Claim for Relief
### Common Law Unfair Competition

76.    AirWair realleges and incorporates by reference ¶¶ 1–75 of this Complaint.

**Answer:**    Steve Madden realleges and incorporates by reference its responses to paragraphs 1 through 75 of AirWair's Complaint.

77.    Steve Madden and CPI's use and imitation of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations in its footwear constitute infringement, passing off, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Steve Madden, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of Oregon and other states of the United States.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 77. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

78.    Steve Madden and CPI's willful acts of misrepresentation, fraud, and deceit have unjustly enriched Steve Madden and CPI by exploiting AirWair's reputation in the market, caused harm to AirWair, and violated AirWair's rights.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 78. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

**Sixth Claim for Relief**
**State Law Dilution**
**in Violation of ORS § 647.107 and other state laws.**

79.    AirWair realleges and incorporates by reference ¶¶ 1–78 of this Complaint.

**Answer:**    Steve Madden realleges and incorporates by reference its responses to paragraphs 1 through 78 of AirWair's Complaint.

80.    The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations are famous. The general consuming public of Oregon widely recognizes these trade dress as designations of the source of the AirWair's goods.

**Answer:** Denied.

81.    The Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations have inherent or acquired distinctiveness.

**Answer:** Denied.

82.    After the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations became famous, Steve Madden and CPI began using trade dress and trademarks in connection with the infringing footwear. The infringing footwear creates an association with AirWair's Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations that impairs the distinctiveness of AirWair's trade dress or harms the reputation of AirWair's trade dress.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 82. Steve Madden lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations directed at CPI.

83.    Steve Madden and CPI have lessened the capacity of the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations to identify and distinguish AirWair's products and caused AirWair's products and the Jadon Trade Dress, Zebrilus Trade Dress and AirWair Trademark Registrations to be associated with footwear not made, sponsored, or approved by AirWair.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 83. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

84.    Steve Madden and CPI acted willfully and intentionally to trade on AirWair's reputation and cause dilution of its famous trade dress and trademarks.

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 84. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

85.    Steve Madden and CPI's acts violate ORS § 647.107 and other state laws prohibiting trademark dilution, including:

| State | Dilution Statute |
|---|---|
| Alabama | Ala. Code § 8-12-17 |
| Alaska | Alaska Stat. § 45.50.180 |
| Arizona | Ariz. Rev. Stat. Ann. § 44-1448.01 |
| Arkansas | Ark. Code Ann. § 4-71-213 |
| California | Cal. Bus. & Prof. Code § 14247 |
| Connecticut | Conn. Gen. Stat. Ann § 35-11i(C) |
| Delaware | Del. Code Ann. Tit. 6 |
| Florida | Fla. Stat. Ann. § 495.151 |
| Georgia | Ga. Code Ann. § 10-1-451 |
| Hawaii | Haw. Rev. Stat. Ann. § 482-32 |
| Idaho | Idaho Code § 48-513 |
| Illinois | 765 Ill. Comp. Stat. Ann. 1036/65 |
| Iowa | Iowa Code Ann. § 548.113 |
| Indiana | In. Code 24-2-13.5 |
| Kansas | Kan. Stat. Ann. § 81-214 |
| Louisiana | La. Rev. Stat. Ann. § 51:223.1 |
| Maine | Me. Rev. Stat. Ann. Tit. 10 |
| Massachusetts | Mass. Gen. Laws. Ann. Ch. 110h |
| Minnesota | Minn. Stat. Ann. § 333.285 |
| Mississippi | Miss. Code. Ann. § 75-25-25 |
| Missouri | Mo. Ann. Stat. § 417.061(1) |
| Montana | Mont. Code Ann. § 30-13-334 |
| Nebraska | Neb. Rev. Stat. Ann. § 87-140 |
| Nevada | Nev. Rev. Stat. 600.435 |
| New Hampshire | N.H. Rev. Stat. Ann. § 350-A:12 |
| New Jersey | N.J. Stat. Ann. 56:3-13.20 |

| State | Dilution Statute |
|---|---|
| New Mexico | N.M. Stat. Ann. § 57-3b-15 |
| New York | N.Y. Gen. Bus. Law § 360-L |
| Oregon | ORS § 647.107 |
| Pennsylvania | 54 Pa. Cons. Stat. Ann. § 1124 |
| Rhode Island | R.I. Gen. Laws § 6-2-12 |
| South Carolina | S. C. Code Ann. § 39-15-1165 |
| Tennessee | Tenn. Code Ann. § 47-25-513 |
| Texas | Tex. Bus. & Com. Code Ann. § 16.29 |
| Utah | UT. Code Ann. § 70-3a-403 |
| Washington | Wash. Rev. Code Ann. § 19.77.160 |
| West Virginia | W.V. Stat. Ann. 47-2-13 |
| Wyoming | Wyo. Stat. Ann. § 40-1-115 |

**Answer:**    Steve Madden denies all the allegations directed at Steve Madden in paragraph 85. Steve Madden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations directed at CPI.

86.    AirWair has been damaged and is likely to be damaged by these acts which cause lost sales and harm to AirWair's reputation.

**Answer:**  Denied.

## AFFIRMATIVE DEFENSES

Per Federal Rule of Civil Procedure 8(c), Steve Madden makes the following defenses to the Complaint filed by AirWair on August 23, 2023, undertaking the burden of proof only as to those defenses deemed affirmative defenses by applicable law, regardless of how such defenses are denominated herein.  Steve Madden does not, by referencing a defense as an "affirmative defense" herein, undertake the burden of proof on any issue as to which AirWair bears the burden of proof and does not admit that Steve Madden bears the burden of proof on any such defense or issue.

### First Affirmative Defense (Genericness)

One or more of AirWair's claimed trade dresses is invalid because it is generic, comprising a non-unique combination of elements such as welt stitching, cleats, grooved soles, angled heels, and/or heel loops.

### Second Affirmative Defense (Functionality)

One or more of AirWair's claimed trade dresses is invalid because it is functional, comprising a utilitarian combination of individually functional elements such as welt stitching, cleats, grooved soles, angled heels, and/or heel loops.

### Third Affirmative Defense (Lack of Secondary Meaning)

One or more of AirWair's claimed trade dresses is invalid because it contains common ordinary design elements that have not acquired secondary meaning as a source identifier of AirWair's footwear. Further, product designs can never be inherently distinctive.

### Fourth Affirmative Defense (Fair Use)

AirWair's claims are barred, in whole or in part, by the doctrine of fair use in that Steve Madden is simply using elements such as welt stitching, heel loops, and cleats for their functional or aesthetically appealing purposes.

### Fifth Affirmative Defense (Laches/Estoppel)

AirWair's claims are barred, in whole or in part, by the doctrine of laches and/or the doctrine of estoppel based on the length of time that Steve Madden and many other sellers of footwear have incorporated the elements of which AirWair now complains into the design of footwear they sell.

### Reservation of Rights

Steve Madden reserves the right to assert additional and/or amended defenses if their existence is established, including by discovery, investigation, or otherwise.

## COUNTERCLAIMS

Defendant/Counter-Claimant Steven Madden, Ltd. ("Steve Madden") hereby states the following allegations for its Counterclaims for Cancellation of Federal Trademark Registrations against Plaintiff/Counter-Defendant AirWair International Ltd. ("**AirWair**").

### Introduction

1.      AirWair makes and sells footwear under its Dr. Martens (or Doc Martens) brand. Many of the products it sells (perhaps a majority of them) bear familiar characteristics of "combat boots." They have heavy, leather uppers attached to thick outsoles with welt stitching. They lace up through multiple metal grommets or have thick buckles. They have prominent tread patterns for traction. They have heel tabs to pull them over the foot.

2.      Although the inventor of Dr. Martens was a doctor and soldier who fought in World War II on behalf of Nazi Germany, AirWair did not invent the combat boot. The lineage of this style of footwear can be traced back from current police, military, motorcycle, work, and fashion use to the grunge music of the 1990s, the punk movement of the 1970s, the shined US Army boots and motorcycle counterculture of the 1950s, World War I "trench boots," and beyond.

3.      AirWair's brand of combat-style boots and other footwear prominently displays a visible, contrasting, yellow welt stitch around the perimeter of the midsole. Many Dr. Martens boots also display a large, scripted, black heel loop with the words "AirWair with Bouncing Soles" in yellow. AirWair highlights these features in its marketing. *See, e.g.*, https://www.drmartens.com/us/en/p/26646001 ("The platform boots are finished with a black and yellow heel loop and our unmistakable yellow stitching.").

4.      Somewhere along the line, AirWair began a campaign to expand its market share, initiating skirmishes with various retailers and manufacturers who make and/or sell combat-style

boots that *do not* display black and yellow heel loops or AirWair's "unmistakable yellow stitching." And it has developed a reputation for aggressively enforcing its expanding view of its trademark rights against retailers and manufacturers of footwear.

5.      AirWair implies that Steve Madden is a repeat infringer that has breached the parties' 2018 settlement agreement—without asserting a claim for breach of contract. In actuality, Steve Madden is a repeat victim of these acts of aggression by AirWair. Steve Madden settled a dispute in good faith with AirWair, adhered to that settlement agreement, and used common footwear elements that have functional purposes. Nonetheless, AirWair has sued Steve Madden *again* on similar issues, seeking to extract more favorable terms.

6.      AirWair is not merely seeking to protect the alleged source-identifying aspects of its footwear; it is trying to protect the non-source-identifying aspects of its footwear, as well— trying to be the only company that can sell boots of a certain popular style.

## Parties

7.      Defendant/Counter-Claimant Plaintiff Steven Madden, Ltd. is a business entity organized under the laws of the State of Delaware, having its principal place of business at 52-16 Barnett Avenue, Long Island City, New York 11104.

8.      On information and belief, Plaintiff/Counter-Defendant AirWair International Ltd. is a company of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Northamptonshire, UK, NN29, 7SW, and having an alternate address at 10 Northwest 10th Avenue, Portland, OR 97209.

**Jurisdiction**

9.      This Counterclaim arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* This Court therefore has subject matter jurisdiction over the subject matter of this Counterclaim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a).

10.      This Court has jurisdiction over AirWair because it resides in Oregon and because it voluntarily submitted to the jurisdiction of the Court by filing its Complaint in this district.

**Steve Madden**

11.      Founded in 1990 by the world-renowned fashion designer, Steven Madden, Steve Madden is a publicly traded and enormously successful apparel company. Starting from a small factory in Queens, New York, Steve Madden merged years of experience with unique and creative designs to revolutionize the shoe industry. Rock and roll and his New York roots inspired his vision to give on-trend women and men an outlet to express their individuality.

12.      Today, Steve Madden offers fashion lines dedicated to women, men, and children. They include a wide range of footwear, clothing, accessories, and other goods. These products are sold worldwide under a family of trademarks, including its well-known house mark, STEVE MADDEN, which has been used since 1991. In addition to its footwear, clothing, fashion accessories, and retail store services offered under the STEVE MADDEN brand or its sister brand MADDEN GIRL, the company's other brands include Dolce Vita®, Betsey Johnson®, Blondo®, Report®, Cejon®, GREATS®, BB Dakota®, Mad Love®, and Big Buddha®. Steve Madden is also a licensee of various brands, including Anne Klein®, and recently purchased the ALMOST FAMOUS® brand.

13.     Steve Madden sells its products through its official e-commerce website, www.Stevemadden.com, as well as its own retail stores. It also sells its products through third-party retail stores and websites.

14.     Its website and retail stores prominently display its well-known STEVE MADDEN house mark. Its products and packaging bear its STEVE MADDEN house mark, MADDEN GIRL mark, as well as other marks.

<u>**AirWair's Claims of Infringement**</u>

15.     In 2017, AirWair filed a lawsuit against Steve Madden asserting that certain footwear violated AirWair's purported trade dress rights. Steve Madden denied all liability and asserted affirmative defenses, including that the asserted trade dress had not acquired secondary meaning, was generic, and failed to function as a trademark.

16.     In 2018, the parties entered into a confidential settlement agreement to resolve the case.

17.     The filing of this lawsuit is the first Steve Madden has heard from AirWair since the 2017 dispute was resolved.

18.     In its Complaint, AirWair complains of Steve Madden's sales of two styles of combat boots, two styles of platform sandals, and one oxford style loafer. (*See* ECF No. 1 at ¶¶ 42–43, the "**Disputed Footwear**.")

19.     AirWair alleges Steve Madden willfully infringed its claimed trade dress, but to this day, AirWair has not alleged that Steve Madden's sale of the Disputed Footwear—or any other footwear offered by Steve Madden—violates the 2018 agreement.

20.    None of the Disputed Footwear display yellow stitching or black-and-yellow heel tabs, which, upon information and belief, are predominately what makes Dr. Martens footwear recognizable as Dr. Martens footwear.

21.    Each of the Disputed Footwear prominently bears the well-known STEVE MADDEN house mark and/or MADDEN GIRL mark.

**Functional, Generic, and Descriptive Qualities of the Claimed AirWair Trade Dress**

22.    Among others, AirWair alleges the designs of the Disputed Footwear infringe the following federal trademark registrations for footwear (the "**Asserted Registrations**"):

| Reg. No. | Mark Drawing | Description of Mark |
|---|---|---|
| 5,067,692 |  | Color is not claimed as a feature of the mark. The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| 7,039,347 |  | Color is not claimed as a feature of the mark. The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a two-tone grooved sole edge. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |
| 7,039,348 |  | Color is not claimed as a feature of the mark. The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a grooved sole edge on a thick sole. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |

23.    The design elements claimed in any of the Asserted Registrations that are present on the Disputed Footwear are common, functional elements that have long been utilized on a variety of footwear and are not exclusive to AirWair.

24.    The following elements of AirWair's claimed trade dress depicted and described in the Asserted Registrations are functional:

a. *Welt stitching* – A welt stitch is a common means of securing the sole of a shoe or boot to the upper. Welt stitching creates a waterproof seal where the sole attaches to the upper and makes the shoe or boot capable of being completely resoled. Boots and dress shoes produced by many manufacturers utilize welt stitching.

b. *Heel tab* – A heel tab (particularly of the size depicted in the '692 Registration) allows the wearer to insert his or her finger through the loop and pull a boot over the foot. For this reason, many shoes, sandals, and boots from many manufacturers possess this feature.

c. *A midsole design having a dark color band over a light color* – Combat-style boots often have black or dark brown uppers. The dark band at the top of a lighter midsole blends in better with a darker upper, particularly when the shoe is viewed from above, where the welt area is visible. Many shoes, sandals, and boots from many manufacturers possess this feature.

d. *Textured grooves around the midsole* – Textured grooves or "longitudinal ribbing" that surround the midsole provide grip, which aids the wearer in pulling the shoe or boot off. Many shoes and boots from many manufacturers possess this feature.

e. *A thick undersole (tread) pattern visible from the side* – The undersole is responsible for traction. Lug soles and other thick tread patterns necessarily create a visible pattern of tread and the spaces between the treads when a shoe or boot is viewed from the side. Many shoes and boots from many manufacturers possess this feature.

25.    The following elements of AirWair's claimed trade dress depicted and described in the Asserted Registrations are generic, descriptive, and/or ornamental:

    a.   Longitudinal ribbing;

    b.   Contrast stitching;

    c.   Thick soles;

    d.   A midsole with a dark color band over a light color band; and

    e.   A non-functional heel tab.

26.    These attributes, alone, and in combination, have been used by many shoe manufacturers for many years, which makes AirWair's use of those features not substantially exclusive.

**First Cause of Action**

**(Cancellation of US Trademark Reg. No. 7,039,347 for Lack of Inherent or Acquired Distinctiveness and/or Failure to Function as a Mark)**

27.    Steve Madden incorporates paragraphs 1 through 26 herein by reference.

28.    The claimed mark covered by US Trademark Reg. No. 7,039,347 (the "**'347 Registration**") is a product configuration that is an ornamental design as used in connection with the goods identified in the '347 Registration.

29.    The claimed mark covered by the '347 Registration is not inherently distinctive. Moreover, product designs as opposed to packaging, can never be inherently distinctive. *See Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 213 (U.S. Sup. Ct. 2000).

30.    The claimed mark covered by the '347 Registration has not acquired distinctiveness and had not acquired distinctiveness as of the date the '347 Registration issued.

31.    The claimed mark covered by the '347 Registration is an ornamental design, which fails to function as a source-identifying trademark on the goods identified in the '347 Registration.

32.    The application for the '347 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '347 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '347 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '347 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

33.    Maintenance of the '347 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

## Second Cause of Action

**(Cancellation of US Trademark Reg. No. 7,039,348 for Lack of Inherent or Acquired Distinctiveness and/or Failure to Function as a Mark)**

34.    Steve Madden incorporates paragraphs 1 through 33 herein by reference.

35.    The claimed mark covered by US Trademark Reg. No. 7,039,348 (the "**'348 Registration**") is a product configuration that is an ornamental design as used in connection with the goods identified in the '348 Registration.

36.    The claimed mark covered by the '348 Registration is not inherently distinctive. Moreover, product designs as opposed to packaging, can never be inherently distinctive. *See Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 213 (U.S. Sup. Ct. 2000)

37.    The claimed mark covered by the '348 Registration has not acquired distinctiveness and had not acquired distinctiveness as of the date the '348 Registration issued.

38.    The claimed mark covered by the '348 Registration is an ornamental design, which fails to function as a source-identifying trademark on the goods identified in the '348 Registration.

39.     The application for the '348 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '348 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '348 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '348 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

40.     Maintenance of the '348 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

### **Third Cause of Action**

**(Cancellation of US Trademark Reg. No. 5,067,692 for Functionality)**

41.     Steve Madden incorporates paragraphs 1 through 40 herein by reference.

42.     The claimed mark covered by US Trademark Reg. No. 5,067,692 (the "**'692 Registration**") is a functional product configuration.

43.     The application for the '692 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '692 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '692 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '692 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

44.     Maintenance of the '692 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

### Fourth Cause of Action

**(Cancellation of US Trademark Reg. No. 7,039,347 for Functionality)**

45.    Steve Madden incorporates paragraphs 1 through 44 herein by reference.

46.    The claimed mark covered by the '347 Registration is a functional product configuration.

47.    The application for the '347 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '347 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '347 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '347 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

48.    Maintenance of the '347 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

### Fifth Cause of Action

**(Cancellation of US Trademark Reg. No. 7,039,348 for Functionality)**

49.    Steve Madden incorporates paragraphs 1 through 48 herein by reference.

50.    The claimed mark covered by the '348 Registration is a functional product configuration.

51.    The application for the '348 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '348 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '348 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit

the description of the mark depicted in the '348 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

52.    Maintenance of the '348 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

## Prayer for Relief

WHEREFORE, Steve Madden prays for the following relief:

1.    Cancellation of AirWair's US Trademark Registration No. 5,067,692 or, in the alternative, for an order from the Court to the USPTO under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '692 Registration to more accurately describe the very narrow rights shown in the drawing of the mark;

2.    Cancellation of AirWair's US Trademark Registration No. 7,039,347 or, in the alternative, for an order from the Court to the USPTO under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '347 Registration to more accurately describe the very narrow rights shown in the drawing of the mark;

3.    Cancellation of AirWair's US Trademark Registration No. 7,039,348 or, in the alternative, for an order from the Court to the USPTO under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '348 Registration to more accurately describe the very narrow rights shown in the drawing of the mark;

4.    An award of costs in this action;

5.    A finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Steve Madden's favor; and

6.    For such other, further, or different relief as the Court deems just and proper.

Dated:  November 6, 2023

Respectfully submitted,

STOEL RIVES LLP

*/s/ Timothy W. Snider*

TIMOTHY W. SNIDER, Bar No. 034577
timothy.snider@stoel.com
NATHAN C. BRUNETTE, Bar No. 090913
nathan.brunette@stoel.com

Floyd A. Mandell *(pro hac vice)*
floyd.mandell@katten.com
Julia L. Mazur *(pro hac vice)*
julia.mazur@katten.com
Matthew Hartzler *(pro hac vice forthcoming)*
matthew.hartzler@katten.com
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St.
Chicago, IL 60661
Telephone: (312) 902-5200

Douglas A. Miro *(pro hac vice forthcoming)*
dmiro@arelaw.com
Olivia A. Harris *(pro hac vice forthcoming)*
oharris@arelaw.com
AMSTER ROTHSTEIN & EBENSTEIN LLP
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 336-8000

*Attorneys for Defendant and Counter-Claimant Steven Madden, Ltd.*

121372686.2 0082399-00001