**Bryan Cave Leighton Paisner LLP**
AirWairCounsel.AWSM@bclplaw.com

Jennifer L. Campbell, 112511
Allison Krashan, 162709
701 Fifth Avenue, Ste 42.
Seattle, WA 98104
(206) 600-6650

K. Lee Marshall, *pro hac vice*
Alexandra C. Whitworth, *pro hac vice*
Sebastian E. Kaplan, *pro hac vice*
Courtney Thompson, *pro hac vice*
Three Embarcadero Center, 7th Fl.
San Francisco, CA 94111
(415) 675-3400

*Attorneys for Plaintiffs and Counterclaim-Defendants*
*AirWair International Ltd. &*
*Dr. Martens AirWair USA, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD; DR. MARTENS AIRWAIR USA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MADDEN LTD.; CP INTERNATIONAL CORP.; and DOES 1–50 <br><br> Defendants. | Case No. 3:23-cv-01227-AN <br><br> **PLAINTIFF AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT STEVEN MADDEN LTD.'S COUNTERCLAIMS** <br><br> **Demand For Jury Trial** |

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

Plaintiff and Counter-Defendants AIRWAIR INTERNATIONAL LTD and DR. MARTENS AIRWAIR USA, LLC (referred to collectively hereafter as "**AirWair**") hereby answer the Counterclaims of Defendant and Counter-Claimant STEVEN MADDEN, LTD. ("**Steve Madden**") as follows:

## INTRODUCTION

1. AirWair makes and sells footwear under its Dr. Martens (or Doc Martens) brand. Many of the products it sells (perhaps a majority of them) bear familiar characteristics of "combat boots." They have heavy, leather uppers attached to thick outsoles with welt stitching. They lace up through multiple metal grommets or have thick buckles. They have prominent tread patterns for traction. They have heel tabs to pull them over the foot.

**Answer:** AirWair admits that it makes and sells footwear under the Dr. Martens brand, which is also known as Doc Martens. AirWair denies the remaining allegations in Paragraph 1 of the Counterclaims.

2. Although the inventor of Dr. Martens was a doctor and soldier who fought in World War II on behalf of Nazi Germany, AirWair did not invent the combat boot. The lineage of this style of footwear can be traced back from current police, military, motorcycle, work, and fashion use to the grunge music of the 1990s, the punk movement of the 1970s, the shined US Army boots and motorcycle counterculture of the 1950s, World War I "trench boots," and beyond.

**Answer:** AirWair admits it did not invent the combat boot; AirWair otherwise denies the allegations in Paragraph 2 of the Counterclaims.

3. AirWair's brand of combat-style boots and other footwear prominently displays a visible, contrasting, yellow welt stitch around the perimeter of the midsole. Many Dr. Martens boots also display a large, scripted, black heel loop with the words "AirWair with Bouncing Soles" in yellow. AirWair highlights these features in its marketing. See, e.g., https://www.drmartens.com/us/en/p/26646001 ("The platform boots are finished with a black and yellow heel loop and our unmistakable yellow stitching.").

**Answer:** AirWair admits that many pairs of Dr. Martens footwear display a visible, contrasting, yellow welt stitch and display a large, scripted, black heel loop with the words

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

"AirWair with Bouncing Soles" in yellow and that such features are highlighted in AirWair's marketing. AirWair denies the remaining allegations in Paragraph 3.

    4.    Somewhere along the line, AirWair began a campaign to expand its market share, initiating skirmishes with various retailers and manufacturers who make and/or sell combat-style boots that do not display black and yellow heel loops or AirWair's "unmistakable yellow stitching." And it has developed a reputation for aggressively enforcing its expanding view of its trademark rights against retailers and manufacturers of footwear.

    **Answer:** AirWair admits that it protects and enforces its valid intellectual property rights, including against Steve Madden. AirWair denies all remaining allegations in Paragraph 4 of the Counterclaims.

    5.    AirWair implies that Steve Madden is a repeat infringer that has breached the parties' 2018 settlement agreement—without asserting a claim for breach of contract. In actuality, Steve Madden is a repeat victim of these acts of aggression by AirWair. Steve Madden settled a dispute in good faith with AirWair, adhered to that settlement agreement, and used common footwear elements that have functional purposes. Nonetheless, AirWair has sued Steve Madden again on similar issues, seeking to extract more favorable terms.

    **Answer:** AirWair denies the allegations in paragraph 5 of the Counterclaims.

    6.    AirWair is not merely seeking to protect the alleged source-identifying aspects of its footwear; it is trying to protect the non-source-identifying aspects of its footwear, as well— trying to be the only company that can sell boots of a certain popular style.

    **Answer:** AirWair denies all allegations in Paragraph 6 of the Counterclaims.

## Parties

    7.    Defendant/Counter-Claimant Plaintiff Steven Madden, Ltd. is a business entity organized under the laws of the State of Delaware, having its principal place of business at 52-16 Barnett Avenue, Long Island City, New York 11104.

    **Answer:** AirWair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Counterclaim.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

8.     On information and belief, Plaintiff/Counter-Defendant AirWair International Ltd. is a company of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Northamptonshire, UK, NN29, 7SW, and having an alternate address at 10 Northwest 10th Avenue, Portland, OR 97209.

**Answer:**  AirWair admits that it is a company of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Northamptonshire, and that it has a corporate affiliate doing business at 10 Northwest 10th Avenue, Portland, Oregon.

## Jurisdiction

9.     This Counterclaim arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. This Court therefore has subject matter jurisdiction over the subject matter of this Counterclaim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a).

**Answer:**  AirWair does not contest this Court's exercise of jurisdiction over AirWair.

10.    This Court has jurisdiction over AirWair because it resides in Oregon and because it voluntarily submitted to the jurisdiction of the Court by filing its Complaint in this district.

**Answer:**  AirWair does not contest this Court's exercise of jurisdiction over AirWair.

## Steve Madden

11.    Founded in 1990 by the world-renowned fashion designer, Steven Madden, Steve Madden is a publicly traded and enormously successful apparel company. Starting from a small factory in Queens, New York, Steve Madden merged years of experience with unique and creative designs to revolutionize the shoe industry. Rock and roll and his New York roots inspired his vision to give on-trend women and men an outlet to express their individuality.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

**Answer:** AirWair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Counterclaim and on that basis denies them.

12. Today, Steve Madden offers fashion lines dedicated to women, men, and children. They include a wide range of footwear, clothing, accessories, and other goods. These products are sold worldwide under a family of trademarks, including its well-known house mark, STEVE MADDEN, which has been used since 1991. In addition to its footwear, clothing, fashion accessories, and retail store services offered under the STEVE MADDEN brand or its sister brand MADDEN GIRL, the company's other brands include Dolce Vita®, Betsey Johnson®, Blondo®, Report®, Cejon®, GREATS®, BB Dakota®, Mad Love®, and Big Buddha®. Steve Madden is also a licensee of various brands, including Anne Klein®, and recently purchased the ALMOST FAMOUS® brand.

**Answer:** AirWair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Counterclaim and on that basis denies them.

13. Steve Madden sells its products through its official e-commerce website, www.Stevemadden.com, as well as its own retail stores. It also sells its products through third-party retail stores and websites.

**Answer:** AirWair admits the allegations in Paragraph 13 of the Counterclaims.

14. Its website and retail stores prominently display its well-known STEVE MADDEN house mark. Its products and packaging bear its STEVE MADDEN house mark, MADDEN GIRL mark, as well as other marks.

**Answer:** AirWair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Counterclaims.

### AirWair's Claims of Infringement

15. In 2017, AirWair filed a lawsuit against Steve Madden asserting that certain footwear violated AirWair's purported trade dress rights. Steve Madden denied all liability and asserted affirmative defenses, including that the asserted trade dress had not acquired secondary meaning, was generic, and failed to function as a trademark.

**Answer:** AirWair admits the allegations in Paragraph 15 of the Counterclaims.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

16. In 2018, the parties entered into a confidential settlement agreement to resolve the case.

**Answer:** AirWair admits the allegations in Paragraph 16 of the Counterclaims.

17. The filing of this lawsuit is the first Steve Madden has heard from AirWair since the 2017 dispute was resolved.

**Answer:** AirWair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Counterclaims.

18. In its Complaint, AirWair complains of Steve Madden's sales of two styles of combat boots, two styles of platform sandals, and one oxford style loafer. (See ECF No. 1 at ¶¶ 42– 43, the "Disputed Footwear.")

**Answer:** AirWair admits the allegations in Paragraph 18 of the Counterclaims.

19. AirWair alleges Steve Madden willfully infringed its claimed trade dress, but to this day, AirWair has not alleged that Steve Madden's sale of the Disputed Footwear—or any other footwear offered by Steve Madden— violates the 2018 agreement.

**Answer:** AirWair admits that it claims Steve Madden willfully infringed its claimed trade dress and admits that AirWair has not claimed in any formal pleading that the specified Disputed Footwear violates the 2018 agreement.

20. None of the Disputed Footwear display yellow stitching or black-and-yellow heel tabs, which, upon information and belief, are predominately what makes Dr. Martens footwear recognizable as Dr. Martens footwear.

**Answer:** AirWair admits that the Disputed Footwear does not display yellow stitching or black-and-yellow heel tabs. AirWair admits that yellow stitching and black-and-yellow heel tabs are some of the features that make Dr. Martens footwear recognizable as Dr. Martens footwear; AirWair denies remaining allegations contained in Paragraph 20 of the Counterclaims.

21. Each of the Disputed Footwear prominently bears the well-known STEVE MADDEN house mark and/or MADDEN GIRL mark.

**Answer:** AirWair denies the allegations in Paragraph 21 of the Counterclaims.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

**Functional, Generic, and Descriptive Qualities of the Claimed AirWair Trade Dress**

22.  Among others, AirWair alleges the designs of the Disputed Footwear infringe the following federal trademark registrations for footwear (the "Asserted Registrations"):

| Reg. No. | Mark Drawing | Description of Mark |
|---|---|---|
| 5,067,692 | | Color is not claimed as a feature of the mark. The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| 7,039,347 | | Color is not claimed as a feature of the mark. The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a two-tone grooved sole edge. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |
| 7,039,348 | | Color is not claimed as a feature of the mark. The mark consists of a three-dimensional configuration of the midsole of footwear consisting of a combination of contrast stitching in the welt area and a grooved sole edge on a thick sole. The dotted line portions of the drawing are not part of the mark and serve only to show the position of the mark on the goods. |

**Answer:** AirWair admits the allegations in Paragraph 22 of the Counterclaims.

23.  The design elements claimed in any of the Asserted Registrations that are present on the Disputed Footwear are common, functional elements that have long been utilized on a variety of footwear and are not exclusive to AirWair.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

**Answer:** AirWair denies the allegations in Paragraph 23 of the Counterclaims.

24. The following elements of AirWair's claimed trade dress depicted and described in the Asserted Registrations are functional:

    a.    Welt stitching – A welt stitch is a common means of securing the sole of a shoe or boot to the upper. Welt stitching creates a waterproof seal where the sole attaches to the upper and makes the shoe or boot capable of being completely resoled. Boots and dress shoes produced by many manufacturers utilize welt stitching.

    b.    Heel tab – A heel tab (particularly of the size depicted in the '692 Registration) allows the wearer to insert his or her finger through the loop and pull a boot over the foot. For this reason, many shoes, sandals, and boots from many manufacturers possess this feature.

    c.    A midsole design having a dark color band over a light color – Combat-style boots often have black or dark brown uppers. The dark band at the top of a lighter midsole blends in better with a darker upper, particularly when the shoe is viewed from above, where the welt area is visible. Many shoes, sandals, and boots from many manufacturers possess this feature.

    d.    Textured grooves around the midsole – Textured grooves or "longitudinal ribbing" that surround the midsole provide grip, which aids the wearer in pulling the shoe or boot off. Many shoes and boots from many manufacturers possess this feature.

    e.    A thick undersole (tread) pattern visible from the side – The undersole is responsible for traction. Lug soles and other thick tread patterns necessarily create a visible pattern of tread and the spaces between the treads when a shoe or boot is viewed from the side. Many shoes and boots from many manufacturers possess this feature.

**Answer:** AirWair denies the allegations in Paragraph 24 of the Counterclaims.

25. The following elements of AirWair's claimed trade dress depicted and described in the Asserted Registrations are generic, descriptive, and/or ornamental:

    a.    Longitudinal ribbing;
    b.    Contrast stitching;
    c.    Thick soles;
    d.    A midsole with a dark color band over a light color band; and
    e.    A non-functional heel tab.

**Answer:** AirWair denies the allegations in Paragraph 25 of the Counterclaims.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

26. These attributes, alone, and in combination, have been used by many shoe manufacturers for many years, which makes AirWair's use of those features not substantially exclusive.

**Answer:** AirWair denies the allegations in Paragraph 26 of the Counterclaims.

### First Cause of Action

### (Cancellation of US Trademark Reg. No. 7,039,347 for Lack of Inherent or Acquired Distinctiveness and/or Failure to Function as a Mark)

27. Steve Madden incorporates paragraphs 1 through 26 herein by reference.

**Answer:** In response to Paragraph 27 of the Counterclaims, AirWair incorporates by reference its responses to Paragraphs 1-26 above. Except as expressly admitted in such responses, AirWair denies each and every allegation.

28. The claimed mark covered by US Trademark Reg. No. 7,039,347 (the "'347 Registration") is a product configuration that is an ornamental design as used in connection with the goods identified in the '347 Registration.

**Answer:** AirWair denies the allegations in Paragraph 28 of the Counterclaims.

29. The claimed mark covered by the '347 Registration is not inherently distinctive. Moreover, product designs as opposed to packaging, can never be inherently distinctive. See Wal-Mart Stores, Inc. v. Samara Brothers, Inc., 529 U.S. 205, 213 (U.S. Sup. Ct. 2000).

**Answer:** AirWair denies the allegations in Paragraph 29 of the Counterclaims.

30. The claimed mark covered by the '347 Registration has not acquired distinctiveness and had not acquired distinctiveness as of the date the '347 Registration issued.

**Answer:** AirWair denies the allegations in Paragraph 30 of the Counterclaims.

31. The claimed mark covered by the '347 Registration is an ornamental design, which fails to function as a source-identifying trademark on the goods identified in the '347 Registration.

**Answer:** AirWair denies the allegations in Paragraph 31 of the Counterclaims.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

32.  The application for the '347 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '347 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '347 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '347 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

**Answer**: AirWair denies the allegations in Paragraph 32 of the Counterclaims.

33.  Maintenance of the '347 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

**Answer**: AirWair denies the allegations in Paragraph 33 of the Counterclaims.

**Second Cause of Action**

**(Cancellation of US Trademark Reg. No. 7,039,348 for Lack of Inherent or Acquired Distinctiveness and/or Failure to Function as a Mark)**

34.  Steve Madden incorporates paragraphs 1 through 33 herein by reference.

**Answer**: In response to Paragraph 34 of the Counterclaims, AirWair incorporates by reference its responses to Paragraphs 1-33 above. Except as expressly admitted in such responses, AirWair denies each and every allegation.

35.  The claimed mark covered by US Trademark Reg. No. 7,039,348 (the "'348 Registration") is a product configuration that is an ornamental design as used in connection with the goods identified in the '348 Registration.

**Answer**: AirWair denies the allegations in Paragraph 35 of the Counterclaims.

36.  The claimed mark covered by the '348 Registration is not inherently distinctive. Moreover, product designs as opposed to packaging, can never be inherently distinctive. See Wal-Mart Stores, Inc. v. Samara Brothers, Inc., 529 U.S. 205, 213 (U.S. Sup. Ct. 2000)

**Answer**: AirWair denies the allegations in Paragraph 36 of the Counterclaims.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

37. The claimed mark covered by the '348 Registration has not acquired distinctiveness and had not acquired distinctiveness as of the date the '348 Registration issued.

**Answer:** AirWair denies the allegations in Paragraph 37 of the Counterclaims.

38. The claimed mark covered by the '348 Registration is an ornamental design, which fails to function as a source-identifying trademark on the goods identified in the '348 Registration.

**Answer:** AirWair denies the allegations in Paragraph 38 of the Counterclaims.

39. The application for the '348 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '348 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '348 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '348 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

**Answer:** AirWair denies the allegations in Paragraph 39 of the Counterclaims.

40. Maintenance of the '348 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

**Answer:** AirWair denies the allegations in Paragraph 40 of the Counterclaims.

### Third Cause of Action

### (Cancellation of US Trademark Reg. No. 5,067,692 for Functionality)

41. Steve Madden incorporates paragraphs 1 through 40 herein by reference.

**Answer:** In response to Paragraph 41 of the Counterclaims, AirWair incorporates by reference its responses to Paragraphs 1-40 above. Except as expressly admitted in such responses, AirWair denies each and every allegation.

42. The claimed mark covered by US Trademark Reg. No. 5,067,692 (the "'692 Registration") is a functional product configuration.

**Answer:** AirWair denies the allegations in Paragraph 42 of the Counterclaims.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

43. The application for the '692 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '692 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '692 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '692 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

**Answer:** AirWair denies the allegations in Paragraph 43 of the Counterclaims.

44. Maintenance of the '692 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

**Answer:** AirWair denies the allegations in Paragraph 44 of the Counterclaims.

### Fourth Cause of Action

### (Cancellation of US Trademark Reg. No. 7,039,347 for Functionality)

45. Steve Madden incorporates paragraphs 1 through 44 herein by reference.

**Answer:** In response to Paragraph 45 of the Counterclaims, AirWair incorporates by reference its responses to Paragraphs 1-44 above. Except as expressly admitted in such responses, AirWair denies each and every allegation.

46. The claimed mark covered by the '347 Registration is a functional product configuration.

**Answer:** AirWair denies the allegations in Paragraph 46 of the Counterclaims.

47. The application for the '347 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '347 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '347 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '347 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

**Answer**: AirWair denies the allegations in Paragraph 47 of the Counterclaims.

48.     Maintenance of the '347 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

**Answer**: AirWair denies the allegations in Paragraph 48 of the Counterclaims.

### Fifth Cause of Action

### (Cancellation of US Trademark Reg. No. 7,039,348 for Functionality)

49.     Steve Madden incorporates paragraphs 1 through 48 herein by reference.

**Answer**: In response to Paragraph 49 of the Counterclaims, AirWair incorporates by reference its responses to Paragraphs 1-48 above. Except as expressly admitted in such responses, AirWair denies each and every allegation.

50.     The claimed mark covered by the '348 Registration is a functional product configuration.

**Answer**: AirWair denies the allegations in Paragraph 50 of the Counterclaims.

51.     The application for the '348 Registration should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and the '348 Registration should be cancelled pursuant to 15 U.S.C. § 1119. Alternatively, if the Court will not cancel the '348 Registration in its entirety, the Court should exercise its authority under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '348 Registration to more accurately describe the very narrow rights shown in the drawing of the mark.

**Answer**: AirWair denies the allegations in Paragraph 51 of the Counterclaims.

52.     Maintenance of the '348 Registration is causing and will cause damage to Steve Madden and the public within the meaning of 15 U.S.C. § 1064.

**Answer**: AirWair denies the allegations in Paragraph 52 of the Counterclaims.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

**Prayer for Relief**

WHEREFORE, Steve Madden prays for the following relief:

1. Cancellation of AirWair's US Trademark Registration No. 5,067,692 or, in the alternative, for an order from the Court to the USPTO under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '692 Registration to more accurately describe the very narrow rights shown in the drawing of the mark;
2. Cancellation of AirWair's US Trademark Registration No. 7,039,347 or, in the alternative, for an order from the Court to the USPTO under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '347 Registration to more accurately describe the very narrow rights shown in the drawing of the mark;
3. Cancellation of AirWair's US Trademark Registration No. 7,039,348 or, in the alternative, for an order from the Court to the USPTO under 15 U.S.C. § 1119 to "rectify the register" and limit the description of the mark depicted in the '348 Registration to more accurately describe the very narrow rights shown in the drawing of the mark;
4. An award of costs in this action;
5. A finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Steve Madden's favor; and
6. For such other, further, or different relief as the Court deems just and proper.

**Answer:** AirWair denies that Steve Madden is entitled to any of the relief requested in the WHEREFORE clause and the 6 paragraphs therein.

WHEREFORE, AirWair requests that the Court enter judgment in favor of AirWair and against Steve Madden on all counts in the Complaint and Counterclaims and award AirWair such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650

PLAINTIFF AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT STEVEN MADDEN LTD.'S COUNTERCLAIMS        14

## AFFIRMATIVE DEFENSES

Per Federal Rule of Civil Procedure 8(c), further answering the Counterclaims and as additional defenses thereto, AirWair asserts the following affirmative defenses in response to the allegations in the Counterclaims. AirWair expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this matter. AirWair asserts these defenses without assuming the burden of proof where such burden would otherwise be on Steve Madden.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Steve Madden's Counterclaims, or one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Steve Madden's claims are barred in whole or in part by the doctrine of unclean hands.

Dated: November 27, 2023

/s/ Jennifer L. Campbell
Jennifer L. Campbell, 112511

Bryan Cave Leighton Paisner LLP
Attorneys at Law
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-660-6650